Bowin' B. Lynde, J.
In this special proceeding pursuant to CPLR article 78 the petition is dismissed as to the respondent Abe Lavine both in his individual capacity and as Commissioner of the New York State Department of Social Services.
Judgment, however, is granted in favor of the petitioner against James M. Shuart, the Commissioner of Nassau County Department of Social Services and this respondent is directed to rescind any local policy which denies benefits to the households of pregnant women based solely on the distinction of whether they are presently the recipient of public assistance or whether such original or reinstated elegibility is dependent upon subdivision (b) of section 352.30 of the Rules and Regulations of the New York State Department of Social Services (18 NYCRR 352.30 [b]); and further directing him and the other officials and employees of the Nassau County Department of Social Services to forthwith accept and process applications from the petitioner and all others similarly situated whose applications have been denied as a result of this local policy which is clearly in violation of the Rules and Regulations of the State Department of Social Services; and it is further directed that a prompt determination be made on all such applications in accordance with the appropriate provisions of the Social Services Law and the Rules and Regulations of the New York State Department of Social Services.
It is well settled that the construction given statutes and regulations by the agency responsible for their administration if not irrational or unreasonable shall be upheld (Matter of Howard v. Wymam, 28 N Y 2d 434, 438).
*810 This matter has been determined by the responsible agency in Matter of Gwendolyn B., a case decided by the New York State Commissioner of Social Services on April 26, 1971.
This case involved an unborn child residing in a household that was denied public assistance benefits by the Nassau County Department of Social Services.
In his decision which partially reversed the determination of the local agency (apparently predicated upon the same local policy involved here), the Commissioner stated that “ With reg’ard to appellant’s contention that the unborn child is eligible for assistance, the determination of the agency was in error. The household of a pregnant woman is deemed increased by one person from the fourth month of pregnancy which has been medically verified (Section 352.30 [b]) of the Regulations of the State Department of Social Services * * * The unborn child being eligible for cash public assistance is also eligible for medical assistance.”
Any other determination by the Commissioner would have been irrational and unreasonable.
As noted by Mr. Justice Rosenbaum in Matter of Boines v. Lavine (71 Misc 2d 259, 260), that “ The court agrees with petitioner’s contention that an unborn child has independent needs which should in a proper case be met by a grant of assistance to the mother prior to the birth of the child. The rules and regulations enacted pursuant to the Social Services Law of the State of New York clearly permit a pregnancy allowance to be allotted at any time after the fourth month of pregnancy * * Where a mother’s income is enough to cover her own needs, but not the unborn child’s needs, the mother may apply for the pregnancy allowance.”
The court agrees with Mr. Justice Rosenbaum in that it is not only a mother already on assistance who can receive a pregnancy allowance, but that even if such a distinction could be made it would be contrary to Federal regulations (see Matter of Boines, 71 Misc 2d 259, 261, supra).
Mr. Justice Harnett of this court has had occasion in recent decisions to comment on the delay and hardship caused by prolonged administrative procedures (see Matter of Cisco v. Lavine, 72 Misc 2d 1009, rearg. 72 Misc 2d 1087).
Exhaustion of the administrative remedies here would constitute a futile act and place an undue burden or hardship on needy pregnant women. Under such circumstances, the exhaustion of administrative remedies is unnecessary (Matter of Borders v. Nassau County Dept. of Social Serv., 34 A D 2d 805).
*811 The Commissioner cannot refuse grants of assistance as a matter of general policy and since the continuing application of such a policy affects many persons, a class action is appropriate to avoid multiple litigation (see Young v. Shuart, 67 Misc 2d 689, mod. 39 A D 2d 725).
The rules and regulations are clear and unambiguous as to the payments for unborn children without distinctions. Other factors, however, may be involved which could preclude payments. Accordingly, each application must be viewed on its merits. Since the local agency has the power and authority to process the applications for grants of assistance and since there is no present need for any administrative review by the State Commissioner, his joinder as a party was unnecessary. The local agency can and must, if all the other factors required for a grant of public assistance are present, process these applications and make the required payments. This respondent, therefore, should process petitioner’s application upon the merits.