Frank S. Samansky, J.
In this article 78 proceeding, petitioner seeks leave to proceed as a poor person to annul a determination made by respondent Lavine which, after a ‘ ‘ fair hearing” affirmed the determination of respondent Sugar-man to reduce petitioner’s grant of aid to a disabled person by recouping payments made to him to which he was not entitled.
It appears that petitioner is the recipient of aid to disabled. He lives alone and was receiving a semimonthly grant of $107.75. However, unknown to the City Social Service Agency, petitioner also received disability payments of $140 per month from the Veterans’ Administration. "When the agency learned of these payments, it also ascertained that for the period involved, petitioner had received the sum of $3,749 unlawfully. Accordingly, on April 25, 1973, it sent petitioner a notice of intent to reduce public assistance and to recoup that amount by taking off $25 semimonthly from his grant, effective June 1, 1973.
Petitioner requested a “fair hearing” which was held on June 7, 1973. He appeared without counsel and did not contradict any of the testimony offered by the agency. He merely stated that $10 from the Veterans’ Administration allowance went to his daughter, who did not reside with him, for her school attendance, and that the Veterans’ Administration had requested him to furnish it with a detailed list of his monthly income and expenses showing any special needs.
The respondent Lavine found from the evidence at the “ fair hearing ” that the charges against petitioner were valid and adhered to the determination made by the city agency on April 25, 1973. That since petitioner was receiving a net of $130 per month from the Veterans’ Administration, the city agency was entitled to reduce his semimonthly grant by $65 and also recoup the overpayment of $3,749 out of future grants.
Petitioner now brings this proceeding asserting that he was denied due process in not having been given adequate notice of the charges against him or an opportunity to defend against the proposed action by respondent Sugarman; that not being represented by counsel, the hearing officer should have inquired more fully as to any defense petitioner had; that 18 NYCBB *735 348.4 violates the ¡State Constitution, the Social Services Law (§ 131, subd. 1; § 131-a, subds. 1, 3); and the Social ¡Security Act, and is therefore invalid and that it denies petitioner due process guaranteed by the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States.
Exhibit I attached to petitioner’s amended verified petition clearly states:
“ This is to advise you that this Department intends to reduce your public assistance grant on 5/9/73 for the following reason(s): For receiving full P. A. Allowance & in receipt of Veterans Benefits — Recoupment — of $3,749.00. The Dept, will Take off $25.00 — semi-monthly eff. 6/1/73”.
BIGHT TO ¡FAIR HEARING
“If you believe that your assistance should not be .reduced, you may request a state fair hearing by telephoning 488-6550 or by writing to Fair Hearing Section, New York State Department of Social ¡Services, 1450 Western Avenue, Albany, New York 12203. If you request a fair hearing, a notice will be sent to you informing you of the time and place of your hearing. At the hearing, you, your attorney, or other representative will have an opportunity to present relevant written or oral evidence as to why this action should not be taken. You will also have an opportunity to question any persons who appear at the hearing to present evidence against you. If you request a fair hearing before the date your assistance is proposed to be reduced, you will continue to receive your assistance unchanged until the fair hearing decision is issued.”
The record further indicates that the agency is presently recouping two separate amounts for previous double payments of rent, in the sum of $110 and $224.50. - It must, therefore, be assumed that petitioner was sufficiently conversant with the procedure and that he had a right to counsel as indicated in the notice he received. The case at bar is therefore unlike Griffith v. Wyman (39 AD 2d 874), in which the State knew that petitioner was represented by counsel and proceeded with a ‘ ‘ fair hearing ’ ’ in the absence of counsel. The fact that petitioner appeared without an attorney and when asked at the hearing, after the agency put in its case, whether there was anything he wanted to say, his only response was that part of his VA allowance was $10 per month for his daughter’s school 'attendance. This indicated that petitioner admitted receiving the VA allowance without notifying the agency so that it could have adjusted his budget.
*736 Clearly, petitioner received due notice of the charges against him and that he was entitled to be represented by an attorney at a fair hearing to present evidence and cross-examine persons presenting evidence against him.
In attacking 18 NYCRB. 348.4, the petitioner asserts that the New York Constitution and the Social Services Law require aid, care and support for the needy. The court notes that in the ease at bar, application of this section of the regulations does not deprive petitioner of subsistence. The agency established his need by budgeting his allowance at $107.75 semimonthly— against this sum it deducted the income of $130 he received monthly from the VA or $65 semimonthly. The fact that recoupments of $27.85 are presently being deducted for the reason that on two occasions petitioner received emergency grants to avoid eviction is no fault of anyone but himself. He received rent moneys which he spent for other purposes, thus in effect committing a larceny. By receiving the VA moneys without reporting such income, he .was accepting funds from the city agency to which he was not entitled and was depriving others who might be eligible, but for whom .funds may not be available.
The court finds no merit to petitioner’s assertion that 18 NYCRB 348.4 violates section 1 of article XVII of the New York State Constitution or the Social Services Law (§ 131, subd. 1; § 131-a, subds. 1, 3). The sections referred to set forth the general policies of the State to provide for needy insofar as funds are available for that purpose. It does not require that every inhabitant of this State normally qualified for such aid, is entitled to be supported regardless of his actions and conduct. While the Constitution provides that each person is entitled to his liberty, yet one may be deprived of such liberty and incarcerated for any unlawful act.
The constitutionality of like action taken by the respondent was passed upon in Snell v. Wyman (281 F. Supp. 853, affd. 393 U. S. 323). This was an action by welfare recipients challenging New York’s Social Services Law which required the repayment of assistance benefits they received. There the plaintiffs contended that the repayment provisions undercut the State’s statutory objective of rehabilitating welfare recipients and giving them dignity. The court observed (p. 862): “ we could hold the statutes unconstitutional .only if we were invested by the ‘ convenient vagueness ’ of the Due Process Clause with a power, long since denied us, to invalidate state laws ‘ because they may be unwise, improvident or out of har *737 mony with a particular school of thought. ’ Williamson v. Lee Optical Co., 348 U. S. 483, 488, 75 S.Ct. 461, 464, 99 L. Ed. 563.”
With respect to the claim that a statute denies equal protection, the court stated (p. 865): “ Like the life of the law generally, the Fourteenth Amendment was not designed as an exercise in logic. It is ancient learning by now that a classification meets the equal protection test * if it is practical, and is not reviewable unless palpably arbitrary. ’ * * * If the
classification has ‘ some reasonable basis, ’ it cannot be held offensive to the Equal Protection Clause ‘ because it is not made with mathematical nicety or because in practice it results in some inequality.’ ”
The three-Judge court held that the New York statute and regulations were valid against the claim that they violated due process, equal protection and supremacy clauses of1 the Constitution, the latter by reason of conflict with the Social Security Act.
In Charleston v. Wohlgemuth (332 F. Supp. 1175, affd. 405 U. S. 970), the court passed upon a Pennsylvania statute requiring as a condition for receiving assistance, the recipient reimburse the Commonwealth and give a lien on property as security. It cited Snell v. Wyman (supra) that the receipt .of assistance is deemed by the act to create an implied contract to repay.
Petitioner further asserts that 18 NYCRR 348.4 violates section 1 of article XVII of the said Constitution and sections 131 (subd. 1) and 131-a (subds. 1, 3) of the Social Services Law by denying public assistance grants to eligible individuals, thus .frustrating legislative purpose to provide adequately for those unable to maintain themselves. He thus implies that despite any of his actions, the State must take care of him. This is ridiculous on its face. He may not be placed in a position where he would obtain grants in excess of others in the same position. Having obtained an amount in excess of his budgeted allowance, he is merely repaying the excess.
The petitioner’s further assertion that recoupment by the agency under this section violates the Social Security Act and is therefore invalid falls in view of section 404 of title 42 of the United States Code, wherein Congress has specifically provided that when a recipient of assistance has received more than the amount to which he is entitled, the Secretary shall decrease any future payment due him.
*738 Petitioner has cited many cases in his brief, all of which have been considered, but none found in point under the facts here presented.
Accordingly, the petition is dismissed.