John H. Doerr, J.
The petitioner has commenced this article 78 proceeding seeking to have 18 NTCRR 348.4(a) rescinded and to enjoin the respondents from applying that section against her during the pendency of this action and permanently enjoining the application of the section against her and any other person who applies for public assistance in this State. She also seeks an order directing respondent Sipprell to accept her application for assistance if she meets all other eligibility requirements of the Social Services Law.
18 NTCRR 348.4(a) provides: “ When the recipient is living alone and receiving assistance for himself only, the social services official shall declare the recipient ineligible for public assistance and care and withhold from him grants of public assistance to which he would otherwise be entitled to receive, until the total amount of the grants withheld are equal to the amount of public assistance or the cost of care he wrongfully received ”.
Petitioner, a young woman in her early 20’s, was employed at Buffalo State Hospital from April, 1970 to October, 1970, and was further employed from that date until March, 1972 by the State University College at Buffalo. She earned $8,961 from these employments during the period involved, and although she was a recipient of public assistance at the same time and received over $4,000 therefrom, she failed to disclose *685 either the johs or the income received to the Erie County Department of Social Services.
That department, upon learning of this situation, terminated her public assistance and referred the matter to the Erie County District Attorney’s office for criminal prosecution.
An indictment was returned against her and in satisfaction thereof her plea to a reduced charge of grand larceny in the third degree was accepted by the Erie County Court. Judgment was entered against her on June 29,1973 when she was sentenced to three years’ probation, fined $1,000, and ordered to make restitution of $4,073 to the Erie County Department of Social Services.
Prior thereto and on January 21,1973, petitioner was injured while a passenger in an automobile which was involved in an accident. She sustained serious leg injuries which necessitated surgery and will require further surgery. She is unable to walk and her physician has refused to allow her to return to work.
While she has a cause of action against the owner and operator of the vehicle involved, it appears that the medical expenses incurred will exhaust any recovery.
It is admitted by all parties here that the Erie County Department of Social Services has paid the medical bills incurred from the accident in an amount to date of $8,509.03 and that a notice of lien has been duly served and filed in regard thereto.
The petitioner has alleged inability to work, and it is unfortunate, to say the least, that respondents meet that allegation with a simple denial of knowledge or information sufficient to form a belief. At this point in these proceedings, respondents should certainly be aware of sufficient medical and factual information to either affirm or deny that most important assertion.
In any event, from the date of the accident to July, 1973, the only income received by petitioner was union disability benefits from C.S.E.A. of $125 per month for a four-month period.
On July 13,1973, with no income and unable to work, petitioner was evicted from her living quarters for nonpayment of rent.
In May, 1973, petitioner made application for assistance to the respondent Erie County Department of Social Services and, based upon 18 NYCRR 348.4(a), she was informed that she was ineligible for public assistance until July, 1975.
During the month of July, 1973, petitioner telephoned the Erie County Department of Social Services to again request *686 public assistance. She was informed that she would be notified of the decision thereon and some days later received a call that her request for assistance was denied on the same basis as the May denial.
Petitioner took no administrative appeal from either adverse determination and she did not request a “fair hearing” to review same. Instead she commenced the instant proceeding attacking the enactment of 18 NYCRR 348.4(a) by respondent Lavine and its enforcement against her by respondent Sipprell.
To the credit of respondents, it must be pointed out that they agreed to furnish assistance to petitioner pending resolution of the issues presented to the court.
The petition sets forth nine causes of action attacking section 348.4(a). The first four are based on nonconstitutional grounds, while the remaining five allege constitutional barriers to the enactment of such rule.
The thrust of the nonconstitutionality arguments is based upon the usurpation, without authority, of the legislative function by respondent Lavine in contravention of the Social Services Law and in particular, subdivision 1 of section 131 thereof. Petitioner contends, inter alia, that in view of existing statutory enactments and the inherent limitations which bind respondent Lavine, that the enactment of section 348.4(a) was an unlawful, arbitrary and capricious exercise of the regulatory authority which he possesses.
Respondent Sipprell contends that, as the local Social Services Commissioner, he is bound to enforce subdivision (a) of section 348.4 of title 18 of the Official Compilation of Codes, Rules and Regulations, which leaves him no alternative and he also takes the position that petitioner here is without standing.
To quickly dispose of the latter argument, I find that petitionér is a person aggrieved by the application of the section in question against her and consequently possesses the necessary standing requisite for purposes of this proceeding.
Respondent Lavine raised no question and voiced no objection to petitioner’s standing but did assert by way of an affirmative defense that petitioner has failed to exhaust her administrative remedies bv failing to request a “fair hearing ” pursuant to 18 NYCRR Part 358. Respondent Sipprell took no such position.
This defense is enigmatic, to say the least. If that argument is made in bad faith, it should be stricken, but assuming it is made in good faith, the suggestion is that respondent Lavine has some second thoughts about either the rule itself or its *687 applicability to petitioner, and that a different result would be arrived at after his review, unless he proposes such “fair hearing ” as a condition precedent to this proceeding.
As is too often the case, it is difficult for the court to know precisely what position the respondents do take since none of them have submitted any answering affidavits whatsoever.
In any event and under the circumstances here presented, it was not necessary for petitioner to exhaust the administrative remedies (Matter of Borders v. Nassau County Dept. of Social Servs., 34 A D 2d 805; Young v. Shuart, 67 Misc 2d 689, mod. 39 A D 2d 725; Matter of Fletcher v. Lavine, 75 Misc 2d 808).
Petitioner, in seeking to enjoin respondents from applying section 348.4(a) against her or any other person who applies for public assistance in this State, has converted this proceeding to a class action. This is not opposed in the answer of respondents and is permissible.
As stated in Matter of Fletcher v. Lavine (supra, p. 811), “ The Commissioner cannot refuse grants of assistance as a matter of general policy and since the continuing application of such a policy affects many persons, a class action is appropriate to avoid multiple litigation (see Young v. Shuart, 67 Misc 2d 689, mod. 39 AD 2d 725).”
Turning now to the issue at hand, it must first be noted that the plight of those in need and the obligation to assist them is by constitutional mandate. ‘1 The aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.” (N. Y. Const., art. XVII, § 1.)
The Legislature, in response, amplification and particularization thereto, enacted the Social Services Law which contains the following section:
“ § 131. Assistance, care and service to be given. 1. It shall be the duty of social services officials, insofar as funds are available for that purpose, to provide adequately for those unable to maintain themselves, in accordance with the requirements of this article and other provisions of this chapter. They shall, whenever possible, administer such care, treatment and service as may restore such persons to a condition of self-support or self-care, and shall further give such service to those liable to become destitute as may prevent the necessity of their becoming public charges. ’ ’
The constitutional-statutory language is clear and unequivocal and sets forth a duty of respondents to provide for those unable *688 to maintain themselves. Employable persons may forfeit snch assistance by their failure to comply with various statute provisions (Social Services Law, § 131, subd. 4).
The Legislature has also addressed itself to the subject of welfare fraud and the penalties to be imposed for same (Social Services Law, § 145). That statute provides that various frauds (which include the actions of petitioner here) are denominated as misdemeanors, ‘ ‘ unless such act constitutes a violation of a provision of the penal law of the state of New York, in which case he shall be punished in accordance with the penalties fixed by such law.” (Emphasis supplied.)
Nowhere by statute has the Legislature provided any other penalty for fraud and it has never provided that those unable to adequately care for themselves be deprived of assistance if guilty of welfare fraud. It appears to this court that the Legislature, by specific legislation, has pre-empted this area with specificity.
The Legislature has set forth certain powers and duties for the Commissioner of Social Services. Among these, the following has been provided in paragraph (f) of subdivision 3 of section 34 of the Social Services Law:
‘ ‘ 3. The commissioner shall * * *
“ (f) establish regulations for administration of public assistance and care within the state both by the state itself and by the local governmental units, in accordance with law ’ \
The commissioner is also given the power and dutv to “ determine the policies and principles upon which public assistance, services and care shall be provided ” (Social Services Law, § 17, subd. [a]), and the Department of Social Services is given the power and duty “ to establish rules, regulations and policies to carry out its powers and duties ” (Social Services Law, § 20, subd. 3, par. [d]).
Respondent Lavine cites the above-quoted sections as forming the authority for the enactment of 18 NYCRR 348.4.
No one questions the authority of respondent Lavine to enact rules and regulations relative to the administration of social services; what is disputed is his power to enact the section in question with the language employed and the sanctions encompassed therein.
I find that respondent Lavine has, in the enactment of section 348.4, established substantive standards and usurped the legislative function. This, he cannot do.
The constitutional mandate and the enabling legislation enacted in response and amplification thereof make clear this *689 State’s assumed responsibility for those in need and set forth the single overriding duty to adequately provide for those unable to maintain themselves.
Legislation which disqualified those who are able but unwilling to work from receiving public assistance is not contrary to this concept but really addresses itself to a termination of aid to those who are able to maintain themselves (Social Services Law, § 131, subd. 4). In no way, however, has the Legislature stated that persons unable to maintain themselves be denied the assistance required to survive because of. a welfare fraud involvement.
The usurpation by the Industrial Commissioner of a power not given and legislative in nature was struck down in Matter of Federal Tel. & Radio Corp. (Corsi) (301 N. Y. 95, 99).. It was there held that: “In effect, the commissioner, in contravention of the authority given him in section 530 of the statute to ‘ administer ’ the law and ‘ for such [administrative] purposes ’ only to make rules and regulations, has assumed legislative authority. His action is therefore on familiar principles, invalid.” The court further held that the commissioner “was setting up substantive standards 8 * * which are found neither expressly nor by necessary implication in the statute.”
This is precisely what the respondent Lavine has done here.
It is also clear that the Legislature has specifically addressed itself to welfare fraud find the penalties to be imposed, thus preempting this area and leaving no alternatives for discretionary rule-making power in respondent Lavine (Social Services Law, § 145) and certainly not giving him the authority to enact a rule which sets forth so drastic a penalty as a complete denial of aid to those unable to maintain themselves (Matter of Meit v. P. S. & M. Catering Corp., 285 App. Div. 506, 509).
Section 348.4(a), by its very language, is contrary to the Social Services Law in basing its applicability of withholding grants to those otherwise entitled to receive them. Furthermore, the rule itself is far too vague for practical enforcement and smacks of arbitrariness.
To demonstrate, the rule states that grants be withheld until that amount equals the cost of care wrongfully received for recipients living alone and receiving assistance for themselves only. Applying that regulation, the respondent Sipprell has ruled that petitioner will be ineligible for public assistance until July, 1975. That determination is arbitrary on its face. A change in the grant amount formula would upset such a fixed determination and an applicant no longer living alone with a *690 change in status would be outside the regulatory language. Examples of how this could be accomplished quickly come to mind and are something less than satisfactory.
The administrative application of such a regulation is well nigh impossible if it is to be enforced with any semblance of fairness.
To hold, as respondent Sipprell has done here, that petitioner is ineligible for public assistance until July, 1975 under this rule is to find that she is now and will be entitled to receive aid until that date at some fixed amount.
Looking away from the fixed amount error, one is forced to speculate how petitioner, eligible for aid and unable to work, is to sustain herself and life itself until the magic month of July, 1975.
The obligation to care for petitioner and those similarly situated is not so easily avoided.
Respondent Sipprell takes the position that in view of section 348.4, he has no alternative and must terminate all aid to petitioner or suffer severe personal sanctions as well as jeopardizing State aid to the County of Erie (Social Services Law, § 20, subd. 3, par. [e]; § 34, subd. 4; § 65).
This serves to further point up the vague and uncertain language of the rule in view of the decision in Matter of Brown v. Lavine (76 Misc 2d 733) which is relied on by respondent Lavine and urged as controlling.
In Brown (supra) petitioner who lived alone received a grant under the category of aid to the disabled of $107.75 semimonthly. At the same time, and unknown to the New York City Social Service agency, he also received disability payments of $140 per month from the Veterans’ Administration. The city agency advised petitioner that it was their intention to recoup the overpayment to him by taking $25 from his semimonthly grant. After a 1 ‘ fair hearing ’ ’, respondent Lavine affirmed that determination. Petitioner’s grant was reduced by the Veterans’ Administration payment being received and $25 was to be withheld from his semimonthly grant until the overpayment to him was recouped. All aid to that petitioner was not terminated and he contifiued to receive supplementary assistance along with his full Federal disability benefits.
Obviously, the city agency interpreted the rule contrary to respondent Sipprell’s determination, an interpretation with which respondent Lavine concurred.
In Matter of Brown v. Lavine (supra), the court addressed itself to the question of the rule allowing a decrease in future *691 payments, and the issue of the rule allowing total termination of aid to those unable to maintain themselves with no other source of income was never presented, reached or decided.
If the rule is to be read as authorizing a deduction from future grants, that is not what it says and it is not and should not be the province of the courts to either write or rewrite the rules for the administration of public assistance in this State.
Measured by the facts in Brown (supra), the court found that section 348.4 and the reduction enforcement thereof did not violate the Constitution or statutes of this State. Perhaps this is so, but when given the interpretation now urged by respondents that rule must fail.
The court in Brown (supra) further found that the rule did not violate the Social Security Act in view of section 404 of title 42 of the United States Code ‘ ‘ wherein Congress has specifically provided that when a recipient of assistance has received more than the amount to which he is entitled, the Secretary shall decrease any future payment due him.” No one can seriously urge that such section authorizes a total disallowance to one in need.
I find 18 NYCRR 348.4 to be unconstitutional and contrary to the clear mandate of the Social Services Law.
I further find that the rule is not only a usurpation by respondent Lavine of the legislative function but too vague for enforcement, arbitrary and capricious.
It follows that 18 NYCRR 348.4, insofar as it seeks to deny all assistance to those unable to maintain themselves and otherwise entitled to aid is invalid, as is respondent Sipprell’s reliance thereon as the sole basis for turning down petitioner’s application.
The determination by respondent Sipprell that petitioner is ineligible for public assistance until July, 1975 is reversed and the matter is remanded to him with instructions to hold a hearing on petitioner’s application for aid and her eligibility for same and to take all appropriate action as required by the findings thereof.