Robert C. Williams, J.
Petitioner has so moved this article 78 proceeding to obtain a judgment declaring that 18 NYCRR 348.4 (b) is an invalid and void regulation and that petitioner have her full pro rata share of public assistance to which she would be entitled reinstated, but for the application against her of 18 NYCRR 348.4 (b).
18 NYCRR 348.4 (b) providesWhen the recipient is a member of a family unit, whether he receives a separate grant for his own needs, or the grant for the family includes provi *23 sion for his needs, the social services official shall declare the recipient ineligible for public assistance and withhold frpm him grants of assistance, or his pro rata share of grants of assistance to the family, which he would otherwise be entitled to receive, until the total amount of grants withheld are equal to the amount of public assistance of the cost of care he wrongfully received; during the period of such ineligibility
Petitioner resides with her minor son. She has been and is still receiving public assistance family grant. During the time she was receiving public assistance she was also employed for a period from January, 1972 to November, 1972. She willfully withheld this information on income from the Albany County Department of Social Services. As a result of this wrongdoing, petitioner received $1,446 unlawfully in public assistance grants. Pursuant to 18 NYCRR 348.4 (ib) the Department of Social Services reduced the family public assistance grant to the petitioner and her son by the ;amount of petitioner’s pro rata share or $80.75. A fair hearing was held on March 19, 1974 in which the agency’s determination was upheld. Petitioner alleges that 18 NYCRR ¡348.4 (b) is illegal because it constitutes a legislative act by respondent Lavine, Commissioner of the New York State Department of Social Services and thus is a capricious exercise of his power and in excess of his proper authority.
In Matter of Hudson v. Sipprell (76 Misc 2d 684) the court held that 18 NYCRR 348.4 (a), a similar regulator pertaining to those individuals receiving public assistance for themselves alone, was an usurpation of the legislative function in that the commission was setting up substantive standards — which are found neither expressly nor by necessary implication in the statute. Also, the court stressed that the Legislature had . specifically addressed itself to welfare fraud and the penalties to be imposed, thus pre-empting the area for the recoupment provisions promulgated by respondent Lavine. While the labeling of regulations as substantive standards is quite an open-ended question, it seems that the Legislature’s pre-emption of the welfare fraud penalties should not be tampered with by such a drastic action as 18 NYCRR 348.4 (b) requires.
The more difficult issue to be dealt with is the petitioner’s allegation that the State regulation in question is violative of the Federal law under which the public assistance program here involved is created. The petitioner received public assistance for herself and her son pursuant to the Federally supported Aid to Dependent Children (ADC) categorical assistance program contained in title 42 of the United States Code. The *24 Department of Health, Education and Welfare, the overseer of this program has adopted a regulation on recoupment of over-payments ('Code of Fed. Reg., tit. 45, § 233.20, subd. .[a], par. [12]). It allows recoupment of overpayments from current assistance payments but requires that the State establish reasonable limits on the proportion of such payments to be deducted, so as not to cause undue hardship on recipients (Code of Fed. Reg., tit. 45, § 233.20, subd. [a], par. [12], d. [i], subcl. [<?]). 18 NYCRR .348.4 (b) makes no provision for establishing the deletion of á reasonable proportion of current assistance payments and does not take into account the undue hardship which results from the deletion of an amount of overpayment as recoupment.
Accordingly, the matter is remanded to respondent with instructions to hold a hearing' on the petitioner’s eligibility for aid and to take all appropriate action as required by the find-thereof.