Richard M. Rosenbaum, J.
Petitioner’s daughter, upon learning of her pregnancy, applied to the Monroe County Department of Social Services for an ADC grant for the benefit of the unborn child. At the time, she was a 20-year-old unmarried minor living at home with her mother and stepfather. Both parents were gainfully employed earning a total gross salary of approximately $1,220 a month. The applicant was unemployed although *260 she had heen gainfully employed in the past. The record indicates that petitioner was providing assistance to her daughter from her own income. The Monroe County Department of Social Services denied the application on the ground that total financial responsibility of a pregnant minor belongs to the parents of the minor under section 101 of the Social Services Law, and a¡ case cannot be activated solely for an unborn child when the mother is not on assistance. An appeal was taken to the New York State Department of Social Services. A fair hearing was held and the decision was affirmed on the ground that, until birth, the child has no needs which can be met by a grant of assistance. The argument for reversal is that the unborn child has needs separate and distinct from the mother and the support received from petitioner was not sufficient to cover those needs. Petitioner further argues that in any event grandparents are not legally responsible to support their grandchildren. Therefore, argues petitioner, the decision to deny assistance was based on an error of law and was arbitrary and capricious.
The court agrees with petitioner’s contention that an unborn child has independent needs which should in a proper case be met by a grant of assistance to the mother prior to the birth of the child. The rules and regulations enacted pursuant to the Social Services Law of the State of New York clearly permit a pregnancy allowance to be allotted at any time after the fourth month of pregnancy. (18 NYCRR 352.30 [b]; 360.5 [g]; 369.1; 369.2 [a] [1]; 369.2 [a] [2] [ii]; 369.2 [f] [4]; 369.3 [a]; 369.3 [a] [5].)
Petitioner’s moving papers and the court’s own examination of the pertinent Federal law (IT. S. Code, tit. 42, §§ 601-609) satisfy the court that the State program is consistent with and meets the requirements of the Federal program for assistance to dependent children. Obviously there are many items which must be available for a newborn child immediately upon its arrival home from the hospital. These items take time to acquire and therefore it would be impractical and in many cases impossible to make the mother wait until the child is born to apply for this assistance. Where the mother’s income is enough to cover her own needs but not the unborn child’s needs, the mother may apply for the pregnancy allowance. (18 NYCRR 369.2 [a] [2] [ii].)
In all cases involving pregnancy, the mother is considered the grantee and the unborn child the dependent child. (18 NYCRR 369.3 [a] [5].)
*261 Since the court has decided that the unborn child is the one actually in need, it follows that the grandparents are not legally responsible under the law for its needs. An error of law has been made which requires reversal.
Whether the fact that the applicants are relatives with the ability to contribute to the support and care of the dependent child, pursuant to subdivision C of section 349 of the Social Services Law can be cited as a controlling factor in denying assistance, is left open. This case is remanded to the Monroe County Department of Social Services for a determination on that question.
The implication by the Monroe County Department of Social Services that only a mother already on assistance could receive a pregnancy allowance was not made a ground for affirmance in the decision of the State Department of Social Services. Nevertheless, to eliminate confusion, this court does not read the Codes, Rules and Regulations of the State of New York to carry such a restriction. Even if such implication could be made, it fails to conform with Federal regulations which clearly do not sanction such a distinction. The sole question left for the Monroe County Department of Social Services to determine on this remand is whether or not subdivision C of section 349 of the Social Services Law would cause the applicant to be ineligible for assistance.