In the Matter of BERNICE BOINES, by MILDRED GAINES, Her Mother and Natural Guardian, Respondent, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant.—Judgment unanimously modified in accordance with memorandum and as modified affirmed, with costs to petitioner. Memorandum: Special Term incorrectly remanded this matter to the Monroe County Department of Social Services for a further hearing with respect to the ability of this unwed and pregnant, 20-year-old applicant's parents to provide support for her unborn child. An unborn child has needs separate and distinct from its mother for which its grandparents (applicant's parents) are not legally responsible (Social Services Law, § 101, subd. 1). This is conceded by the respondent State Commissioner of Social Services. Absent an obligation of support owing by the grandparents for the needs of a minor child or an unborn infant, their resources and income are irrelevant and should not be the subject of a hearing under subdivision c of section 349 of the Social Services Law. We agree with the conclusion reached by Special

Term, however, that this applicant was entitled to an aid for dependent children grant to meet the needs of her unborn infant although she was not a recipient of public assistance. The legislative and departmental regulations recognize that unborn children have needs separate and independent from those of its mother; that they are, therefore, eligible for public assistance and included among those benefited (*Doe* v. *Lukhard*, 363 F. Supp. 823, 829; 18 NYCRR 352.2[b]; 360.5[g]; 369.1[b]; 369.2[a] [1]; 369.2[a] [2] [ii]; 369.2[f] [4] [iv]; 369.3[a]; 369.3[a] [5]). Respondent's denial of public assistance to the unborn child on account of the mother's situation was arbitrary. Such constituted a denial of equal protection of the law in light of title 42 (§ 602, subd. [a], par. [10]) of the United States Code which provides that "aid to families with dependent children shall be furnished with reasonable promptness to *all eligible individuals*" (emphasis supplied). The State's statutes and regulations may not be construed inconsistently with the Federal statute which controls the disbursement of these funds (*Townsend* v. *Swank*, 404 U. S. 282, 286). (Appeal from judgment of Monroe Special Term in article 78 proceeding.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ. [71 Misc 2d 259.]