Frederic E. Hammer, J.
This is a proceeding pursuant to CPLR article 78 for a judgment directing respondent to accept petitioner’s application for public assistance retroactive to July 2, 1974. On August 14, 1974 an order was entered which provided that respondent grant a food allowance to petitioner and her children pending the determination of this proceeding.
Petitioner, separated from her husband, alleges that on July 2, 1974 she applied for public assistance in the category of aid to families with dependent children on behalf of herself and her two children of the marriage. The application was rejected on that date on the ground that petitioner was 18 years of age ‘ ‘ and your mother has responsibility of you till age 21.” Petitioner and her children are presently residing with an aunt and it is alleged that because of the improper denial of public assistance she and her children are without sufficient funds for food and shelter and must depend for assistance on friends and neighbors.
Respondent does not deny that petitioner applied for and was rejected public assistance in the manner described in the petition but raises as an affirmative defense that petitioner has failed to exhaust her administrative remedies. This defense is without merit since petitioner has sufficiently alleged emergency condi *176 tions which are unchallenged by respondent. Under the circumstances petitioner was not bound to exhaust her administrative remedies by seeking a fair hearing. (Matter of Borders v. Nassau County Dept, of Social Servs., 34 A D 2d 805; Young v. Shuart, 67 Misc 2d 689, mod. 39 A D 2d 724.) As a second affirmative defense, respondent alleges that petitioner’s husband is capable of fulfilling his support obligation towards her and the children. This defense is improper since respondent’s sole ground for denying assistance to petitioner was that she was 18 years of age.
Respondent’s action in rejecting petitioner’s application for public assistance was clearly erroneous. The regulations of the State Department of Social Services provide for grants of aid to dependent children and further provide that a minor, 16 years of age or over, in addition to being included in the grant may be designated as grantee in behalf of her own children. (18 NYCRR 369.3.) Marriage of a minor, in addition, emancipates the child and terminates the obligation of a parent for support. (Cochran v. Cochran, 196 N. Y. 86; Kinsey v. Kinsey, 200 Misc. 760; cf. Inakay v. Sun Laundry Corp., 180 Misc. 550.)
Accordingly, the petition is granted. The respondent is directed to provide petitioner and her children with public assistance in accordance with the Social Services Law and regulations retroactive to July 2, 1974, the date of application.