■    In the Matter of DIANE CATOE, by Her Mother and Natural Guardian, SARAH CATOE, et al., on Behalf of All Others Similarly Situated, Respondents, v ABE LAVINE, Individually and as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel respondents to grant medical assistance to petitioners on behalf of their unborn children, the appellant State Commissioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, entered February 27, 1975, as (1) adjudged that the proceeding was "properly brought as a class action on behalf of petitioners and all others similarly situated through the State of New York", (2) ordered the furnishing to petitioners and the class they represent, pending hearing and determination of the proceeding, of medical assistance pursuant to section 366 (subd 1, par [a]) of the Social Services Law, plus a regular recurring aid to families with dependent children (ADC) grant from the fourth month of pregnancy in order to provide for the needs of the unborn children, (3) adjudged that Administrative Letter 74 ADM-131, to the extent that it denies ADC benefits to petitioners and the class they represent, is arbitrary and void, (4) permanently enjoined enforcement of that letter to the extent that it denies public assistance under the ADC program to petitioners or to the class they represent or refusal to include the needs of unborn children in the computation of initial public assistance eligibility and (5) ordered payment to the petitioners of public assistance under the ADC program on behalf of their unborn children in the amount to which they would have been entitled but for the administrative letter, retroactive to the date of their initial applications. Permission for the taking of this appeal is hereby granted by Mr. Justice Christ. Judgment modified, on the law, by deleting therefrom (1) the first decretal paragraph thereof, (2) the words "and the class petitioners represent" in the second and fourth decretal paragraphs thereof and (3) the words "or the class petitioners represent" and "and the class they represent" in the fifth decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, without costs. No fact questions were raised by this appeal. Petitioners Catoe and Bartee were unmarried pregnant women who lived at home and were supported by their respective mothers. In October, 1974, both petitioners, who at the time were more than four months pregnant, applied for public assistance on behalf of their unborn children under the ADC program. Their applications were denied by the local agency because of a recent Administrative Letter (74 ADM-131) which had been issued by the appellant State Commissioner. In relevant part, this letter provides: "Although an unborn child is included in the public assistance case count and the household is considered to be increased by one (1) from the fourth month of a pregnancy which has been medically verified, the unborn child has no needs independent of the mother. * * * When a pregnant woman applies for public assistance for her unborn child and her needs are being met, the unborn child has no unmet needs. There are, therefore, no needs to be met under a public assistance program. For example, parents of a pregnant daughter are meeting all of the daughter's needs. An application for public assistance for the unborn child would be denied since the unborn child has no needs apart from the mother and the

mother's needs are being met." Because of the impending birth of their children, petitioners did not avail themselves of their right to a statutory fair hearing, but instead commenced a proceeding pursuant to CPLR article 78. The affidavits submitted in support of their petitions allege that the petitioners were financially unable to purchase all of the prescribed medication and nutritional items recommended by their physician and, further, were unable to pay for the prenatal care received from him. Although we hold that this is not a proper case for a class action (see *Matter of Scarpelli v Lavine,* 48 AD2d 899; *Matter of Arzillo v Parry,* 49 AD2d 876, we otherwise affirm the judgment. The effect of appellant's administrative letter is to exclude from the ADC program the unborn child of a woman who herself is not receiving public assistance, without regard to the needs of the fetus and to the actual financial situation of the mother. In our view, appellant's interpretation of the applicable regulations is arbitrary and unreasonable. The courts of this State which have had occasion to consider the basic question presented herein have recognized the fact that an unborn child has certain needs which are separate and distinct from those of the mother (see *Matter of Boines v Lavine,* 44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040; *Matter of Fletcher v Lavine,* 75 Misc2d 808). Indeed, legislative recognition of this fact is found in the rules and regulations of the Department of Social Services, which specifically provide for the allotment of ADC benefits to a woman on behalf of her unborn child after the fourth month of pregnancy (see 18 NYCRR 352.30 [c], 360.5 [g], 369.1, 369.2 [a] [1] [i], 369.3 [a], 369.3 [a] [5]). Clearly, then, an unborn child who is otherwise eligible may be a recipient of ADC benefits. However, appellant has imposed an arbitrary restriction upon a certain class of unborn children. By his administrative letter, he has taken the position that the unborn child of a mother who is self sufficient, or who is herself being supported by a responsible relative, has no needs which are separate and distinct from those of the mother. However, recognition of the independent needs of the unborn child whose mother is currently receiving public assistance exists, as evidenced by the additional allotment which is granted after the fourth month of pregnancy. Thus, the appellant's failure to recognize the needs of the unborn child of a mother who is perhaps in a better financial position is exceedingly arbitrary. Moreover, his administrative letter, to the extent that it excludes the payment of benefits to an unborn child simply because the mother is being supported by a responsible relative or is herself financially self sufficient, is in conflict with the department's own duly enacted regulations; 18 NYCRR 369.2 [a] [2] [ii] provides that, "a child or minor shall be considered eligible for ADC if the parent or eligible relative with whom he is living has sufficient means to maintain himself but not enough to maintain the child or minor and there are no other resources available therefor." While it may be argued that the term "child or minor", as it is used in this rule, means a living child, such a construction must be rejected in light of 18 NYCRR 369.2 [a] [1] [i]. In relevant part, this latter section provides, "An unborn child *shall be considered as a child living with one or both parents* when the mother's pregnancy has been determined by medical diagnosis" (emphasis added). Accordingly, once it is shown by an application for ADC benefits that she has sufficient resources to maintain herself, but not enough to provide for the additional needs occasioned by her pregnancy, she must be designated a grantee of such benefits on behalf of the unborn child (see 18 NYCRR 369.2 [a] [2] [ii], 369.3 [a]). Finally, we note that the financial resources of the pregnant woman's parents (the grandparents of the unborn child) may not

be counted in the determination of whether the unborn child is eligible for ADC benefits (see *Matter of Boines v Lavine,* 44 AD2d 765, *supra).* Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.