Bernard F. McCaffrey, J.
Petitioner, Alice Sanders, in January, 1975, applied for public assistance and Medicaid from the Nassau County Department of Social Services for herself and her unborn child. At the time of the application, Mrs. Sanders was 20 years old and living separate and apart from her husband and residing in the home of her parents in Bethpage. Without any factual determination concerning the amount of support actually furnished by her parents, the Nassau County Department of Social Services, by letter dated January 15, 1975, notified petitioner that her application for eligibility for public assistance was being denied. The agency’s position was stated as follows: "Mrs. Sanders is under twenty-one, her parents are responsible for her, she is residing with her own parents, and they are of sufficient ability to support her. As far as the unborn child, there are no needs to be met for the unborn child, according to Administrative Letter 74-ADM-131”.
Following a fair hearing proceeding the hearing officer rendered a decision affirming the denial of assistance by the Nassau County Department of Social Services on the grounds that: "When a pregnant woman applies for public assistance for her unborn child and her needs are being met, the unborn child has no unmet needs.”
*381 Thereafter, petitioner commenced this CPLR article 78 proceeding wherein she seeks to annul the determination after the fair hearing challenging the alleged practice and policy of respondents of (1) denying public assistance to married minors on the grounds that they are the legal responsibility of their parents; (2) denying eligibility of married minors for public assistance by assuming resources of legally nonresponsible relatives is available for their support without a finding that such resources are in fact being expended for the minor’s support; and (3) denying eligibility of the unborn child for public assistance on the grounds that the pregnant mother’s needs are being met and the unborn child is precluded from establishing independent needs.
At the outset it is noted that the pleadings as framed do not seek class action relief, nor does the court make its determination as a class action, but only on the basis of the individual relief sought in the petition.
The Aid to Families with Dependent Children (AFDC) program is established pursuant to title IV of the Social Security Act (US Code, tit 42, § 601 et seq.). The program which is designed to provide financial assistance to needy, dependent children and the parents or caretakers who live with and care for them. While States are not required to establish an AFDC program authorized by the Social Security Act, if they elect to do so, they must abide by the Federal requirements as set forth in the act and the implementing regulations of the Department of Health, Education and Welfare.
The court finds that petitioner, a married minor, was improperly denied eligibility for assistance for herself and her intrauterine child on the grounds that her parents were responsible for her support. In that the petitioner is married, she is considered as being emancipated. (See Cochran v Cochran, 196 NY 86; "Kinsey” v "Kinsey”, 200 Misc 760; cf. Inakay v Sun Laundry Corp., 180 Misc 550; Matter of Armstead v Dumpson, 79 Misc 2d 174.) Petitioner is separated from her husband and temporarily residing with her parents. The "fair hearing” failed to elicit information as to petitioner’s income or financial resources, if any. Nor did the Department of Social Services apparently follow up the disclosure that the Family Court had made provisions for payment of support by petitioner’s husband. (See 18 NYCRR 352.31 [a] [2].) The parent’s income is of no consequence in this matter even if it could be assumed there was an obligation to support *382 petitioner, their daughter, there is no such obligation for the unborn child. (See Matter of Soines v Lavine, 71 Misc 2d 259, mod 44 AD2d 765.) The decision in Burns v Alcala (420 US 575) resolves the question as to whether the Social Security-Act regarding the meaning of "dependent children” (US Code, tit 42, § 602, subd [a], par [10]) mandated the inclusion of unborn children, and found it did not. However, the court recognized that many States do have plans which provide aid to unborn children. The States in accordance therewith have the option of including unborn children within their plan. (See Burns v Alcala, supra, pp 580-581;) New York State is one of those States which has exercised the option to include unborn children in its State plan.
18 NYCRR 352.30 provides:
"(a) For budgetary purposes the agency shall include in its estimate of need and application of income all persons applying for or receiving public assistance and care and living as a unit within the same household. * * *
"(c) For purposes of the schedule of monthly grants and allowances (Schedule SA-2 of Section 352.2 of this Part) only, the household of a pregnant woman shall be deemed increased by one person from the fourth month of medically verified pregnancy.”
See, also, 18 NYCRR 360.5 (g) with respect to medical assistance.
With specific reference to the category of Aid to Dependent Children, the regulations similarly provide:
"Application may be made by a pregnant woman, or by her spouse, in behalf of her unborn child, if otherwise eligible.” (18 NYCRR 369.1 [b].)
"A child or minor shall be considered eligible for ADC if the parent or eligible relative with whom he is living has sufficient means to maintain himself but not enough to maintain the child or minor and there are no other resources available therefor”. (18 NYCRR 369.2 [a] [2] [ii].)
"A grantee is a parent or other specified eligible relative to whom an ADC grant is made for the benefit of a child or minor. For this purpose, the mother of an unborn child, or her unemployed or incapacitated spouse, may be considered a parent when the mother’s pregnancy has been determined by medical diagnosis”. (18 NYCRR 369.3 [a].)
There is no question that petitioner was pregnant for a *383 period longer than four months and that in the interim she has given birth to a son. As a result, petitioner at the least would have been eligible for public assistance as grantee for her unborn child regardless of whether she herself was eligible for assistance since, as noted above, the Legislature of the State of New York has so provided.
Finally, the question as to the administrative letter (74 ADM-131, dated Sept. 4, 1974) must be addressed. This letter categorically establishes eligibility "at the time pregnancy is medically verified provided there is a deprivation factor.”
"A woman, pregnant out-of-wedlock and not living with the alleged father of the unborn child, would be categorically eligible for ADC when the pregnancy is medically verified. The deprivation factor is continued absence of the father.”
"The medically verified pregnancy of the wife does not constitute a deprivation factor until the fourth month of pregnancy. A woman is considered, for the purposes of ADC, to be incapacitated from the fourth month of medically verified pregnancy until twelve (12) weeks after delivery or until pregnancy is otherwise terminated. ADC categorical eligibility exists from the fourth month of the medically verified pregnancy.” To this point the court observes it is a strange paradox that a woman pregnant out of wedlock apparently has superior rights to a married woman whose husband has left her to her own resources where all other factors are the same. However, the administrative letter noted above continues to make an even greater distinction. Page 2 of that administrative letter further states that:
"Although an unborn child is included in the public assistance case count and the household is considered to be increased by one (1) from the fourth month of pregnancy which has been medically verified, the unborn child has no needs independent of the mother.
"The budget for this increased household is computed as follows: * * * the pre-added allowance (the monthly grants and allowance per schedule SA-2) is increased by one person * * *
"When a pregnant woman applies for public assistance for her unborn child and her needs are being met, the unborn child has no unmet needs. There are, therefore, no needs to be met under a public assistance program. For example, parents of a pregnant daughter are meeting all of the daughter’s needs. An application for public assistance for the unborn *384 child would be denied since the unborn child has no needs apart from the mother and the mother’s needs are being met.” (Emphasis added.)
The instant matter is squarely on point with the illustration cited in the administrative letter to a certain point. Here, the daughter, petitioner, resides with her parents. However, she is a married woman and is, therefore, emancipated. There is no requirement for her parents to support her or her unborn child. This letter is an attempt to change legislation enacted by the New York State Legislature. The proper function of an administrative rule or letter is to implement, not amend a statute. Furthermore, there is no testimony or other showing in the "fair hearing” minutes that petitioner’s emancipation was considered, or that petitioner’s husband was obligated to support petitioner, and that he did in fact do so. Nor was there any investigation into the claim that petitioner’s medical expenses due to her pregnancy were in fact due and unpaid.
Furthermore, it has been called to the attention of the court that, subsequent to this petition, the hospital expenses attend-o ing the delivery of the petitioner’s child have been paid by the Suffolk County Department of Social Services.
Accordingly, it is the finding of this court, in concurrence with the statutes, regulations and cases cited above, as well as the holdings in Matter of Fletcher (Lavine) (75 Misc 2d 808) and Catoe v Lavine (51 AD2d 545): (1) that the holding in the "fair hearing” determination must be reversed and that medical and financial assistance should have been granted to petitioner as grantee for her unborn infant from the fourth month of pregnancy until the commencement of the period covered by the Suffolk County Department of Social Services; (2) that a further investigation as to petitioner’s income sources, if any, is necessary to determine her eligibility for assistance and granted if appropriate (see 18 NYCRR 352.31 [a] [2]).
Petition for a judgment, pursuant to article 78, annulling the determination of respondent, Abe Lavine, Commissioner of the New York State Department of Social Services, as being arbitrary and capricious, is granted.