Memorandum. The orders of the Appellate Division should be affirmed, with costs. On the issue of access raised in both appeals, the appropriation by the State was without reservation to the property owners of the legal right of access to the public highway. That the State acquiesced in claimants’ use of a service road, on other State-held property, which led to the highway, afforded permissive and practical access but not a permanent legal right of access. The State was and is under no legal constraint to permit claimants to use the roadway nor is the State obligated, by positive law, to maintain the roadway in serviceable condition. The fact is that deprivation of the legal right to access rendered claimants’ titles unmarketable. In like circumstances, we have held that the absence of an explicit reservation of a right to access in the original appropriation may not be cured by provisional expedients, offered by and subject to the grace of the State. (E.g.,
 
 Kravec v State of New York,
 
 40 NY2d 1060;
 
 Wolfe v State of New York,
 
 22 NY2d 292.) Claimants are entitled to be compensated for the loss of their right to enter and exit their property. The
 
 *911
 
 costly consequence in these cases appears to have been occasioned by the lapse of those who handled the appropriation on behalf of the State. Similar lapses have recurred in a number of recent cases.
 

 On the other point raised by the State, which affects only the Poliak property, there was expert testimony, credited by both courts below, that the property was rendered insufficient to sustain the chemical operations previously conducted on the premises as a result of a reduction in the length of the railroad siding. The affirmed findings, in this respect, have a basis in the record and there our review must end.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 In each case: Order affirmed.