Argued March 22, affirmed April 11, 1977

# MERRILL, *Petitioner,*
## *v.*
# PUBLIC WELFARE DIVISION, *Respondent.*
## (No. 2-20/01-HEV 578-5, CA 7098)
### 562 P2d 583

Roberta J. Lindberg, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

Petitioner seeks judicial review of a final order of the Public Welfare Division of the Department of Human Resources (PWD) denying medical benefits to the petitioner for costs arising from the birth of a child who died minutes after birth.

In February, 1973, petitioner and her son began receiving public assistance from PWD under the Aid to Dependent Children (ADC) program. Petitioner became pregnant in late 1974. On July 31, 1975, she married a man other than the father of her living child or the unborn child. Her husband was employed at the time of the marriage and remained employed through the time of the hearing. Petitioner's needs were removed from her public assistance grant as of September 1, 1975, because of the income of her spouse, but the grant remained open to provide for the needs of her son and unborn child.

On September 5, 1975, petitioner gave birth. Substantial hospital and medical bills were incurred in connection with the delivery of the child. PWD paid the funeral expenses for the child, but not the hospital and medical expenses associated with the delivery.

Petitioner's first challenge to the denial of medical benefits is based upon her assertion that extended medical benefits are required by 42 USC § 1396a(e) (Supp V 1975), which provides:

> "* * * [E]ach State Plan * * * must provide that each family which was receiving aid pursuant to a plan of the State [under the ADC program] in at least 3 of the 6 months immediately preceding the month in which such family became ineligible for such aid because of increased hours of, or increased income from, employment, shall, while a member of such family is employed, remain eligible for assistance under the plan [for ADC] for 4 calendar months beginning with the month in which such family became ineligible for aid under the plan * * * because of income and resources or hours of work limitations contained in such plan."

[ 131 ]

PWD has promulgated Rule 5.930 in implementation of 42 USC § 1396a(e). The rule provides:

"A family will remain eligible for Title XIX Medical Assistance for 4 months if their Aid to Dependent Children grant is terminated solely because of earned income or full time employment. To qualify the family must:

"(1) Have received a cash grant for at least 3 of the preceding 6 months, and

"(2) a family member must remain employed during the 4 month period following the grant termination, and

"(3) meet all other ADC eligibility requirements.

"The 4 month eligibility period begins the first day after the grant termination."

The language of the federal statute and the Oregon rule are essentially parallel except that the rule omits reference to the existence of a plan.

The issue is whether under the rule termination of benefits due to marriage to an employed spouse is considered termination due to "earned income or full time employment."

The hearings officer and the agency held that the petitioner was not entitled to extended medical benefits under the rule because the termination of ADC benefits for her needs was due to her marriage to an employed person rather than due to her own earnings from employment. Petitioner challenges that conclusion. She argues that the operative factor of the termination of petitioner's benefits was the existence of petitioner's husband's earned income. She argues that marriage alone would not have terminated benefits because the family would have been entitled to another type of ADC benefits for needy stepfathers had her new husband not been employed. There is nothing in 42 USC 1396a(e), she argues, that requires that the earned income due to which eligibility is terminated must be that of the recipient.

Assuming that the language of the federal statute and PWD rule are sufficiently ambiguous to allow the

construction that the petitioner suggests, we tend to defer to the agency's interpretation of the statutes it administers, absent evidence of legislative intent to the contrary. *Fairview Hospital v. Moore,* 28 Or App 637, 640-41, 560 P2d 671 (1977). We perceive no such intent.

■■ On the contrary, the extended medical benefits program appears to be enacted in advancement of the policy stated in 42 USC § 1396 (1970), to provide

"* * * rehabilitation and other services to help such families and individuals attain or retain capability for independence or self-care * * *."

The apparent purpose of the federal legislation is to promote independence through employment by removing one of the barriers to self-sufficiency, i.e., the abrupt loss of medical benefits, by providing extended medical benefits during the transition from dependence to independence. This view of congressional policy is reinforced by reference to the regulations of the Department of Health, Education, and Welfare, Social and Rehabilitation Service. 45 CFR § 220.16 provides that a service plan shall be developed for each ADC family and child. 45 CFR § 220.17 provides:

"(a) Services must be provided to assist all appropriate persons to achieve employment and self sufficiency.
"* * * * *

"(c) With respect to employment objectives, there must be as a minimum:
"* * * * *

"(5) Provision of services necessary to deal with personal and family barriers which prevent or limit individuals in their use of training and in their achievement of stable environment.
"* * * * *."

Therefore we hold that a conclusion by PWD that the purpose of the extended medical benefits program is to facilitate gainful employment rather than marriage is clearly within the intent of the law.

■ Next petitioner asserts that she is entitled as

[ 133 ]

parent to benefits for the needs of the unborn child because the delivery was a medical service to the unborn child whose ADC benefits were not terminated by the marriage of the mother to an employed husband. In support of her position that an unborn child rather than the mother is the person entitled to benefits, she cites us to *Catoe v. Lavine,* 51 App Div 2d 545, 378 NYS2d 623 (1976), but that case is distinguishable in that it was based on a regulation of the New York Social Services Agency which expressly so provided. In Oregon, there is no such rule.

PWD is given rule-making authority to implement the ADC program. ORS 418.100(2).

■ ORS 418.040 provides:

> "Aid shall be granted under ORS 418.035 to 418.125 to any dependent child who is living in a home meeting the standards of care and health fixed by the rules and regulations of the Public Welfare Division and who is a resident of the State of Oregon, if the parent or other relative with whom the child is living is a resident of the State of Oregon."

The rule promulgated pursuant thereto refers to persons other than unborn children. PWD Rule 5.905. Again, we tend to defer to the agency's interpretation of law unless we find a legislative intention to the contrary, *Fairview Hospital v. Moore,* supra, and we find no such intention.

For both reasons, PWD lawfully denied the petitioner's request for extended medical benefits for the delivery of her child.

Affirmed.