In the Matter of CHARLES W. BATES, as Westchester County Commissioner of Social Services, Appellant, v PHILIP L. TOIA, as New York State Commissioner of Social Services, Respondent.

Third Department, December 29, 1977

**APPEARANCES OF COUNSEL**

*David N. Brainin, County Attorney (Jonathan Lovett* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Diane L. De Furio* and *Ruth Kessler Toch* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, J.

Since the ultimate relief sought is a declaration of invalidity of a promulgated regulation, this proceeding should

be converted to an action for a declaratory judgment *(Cantlin v State Liq. Auth.,* 16 NY2d 155; CPLR 103, subd [c]).

Petitioner, Westchester County Commissioner of Social Services, seeks to have declared invalid the Department of Social Services regulations that allow grants under the Aid to Families with Dependent Children (AFDC) program to be given to pregnant women for their unborn children (see 18 NYCRR 352.30 [c]; 360.5 [g]; 369.1 [b]; 369.2 [a] [1] [i]; 369.3 [a], 369.3 [a] [5]). The import of these regulations is that after the fourth month of a medically verified pregnancy, indigent women are permitted to claim recurring grants of public assistance under the AFDC program on behalf of their fetuses.

Special Term concluded that the respondent in the promulgation of the subject regulations had not proceeded illegally and therefore that the regulations were not invalid. We disagree.

In our view, *Matter of Rankin v Lavine* (41 NY2d 911, affg 50 AD2d 1091) is not controlling or dispositive of the issues herein. *Matter of Rankin* was a proceeding pursuant to CPLR article 78 wherein petitioner sought to annul the respondent commissioner's affirmance of the Monroe County Social Services Department's determination denying assistance for petitioner's unborn child. The Appellate Division, Fourth Department, reversed so much of Special Term's judgment as sustained the commissioner's holding. In so doing, the Appellate Division relied upon the commissioner's regulations (18 NYCRR 369.2 [a]; 360.5 [g]) which state: "An unborn child shall be considered as a child living with one or both parents when the mother's pregnancy has been determined by medical diagnosis" and "In determining the net available income of a family household in which there is a pregnant woman, such family household shall be considered as increased by one person from the fourth month of pregnancy which has been medically verified." In affirming, the Court of Appeals stated, "[t]hus, the *commissioner's argument* that such coverage is not provided is conclusively and entirely negated by his own regulations. * * * *The commissioner's remedy lies in his own regulations,* not in the courts. Until then the department should comply with the existing final determination of the courts. *(Matter of Jones v Berman,* 37 NY2d 42, 52-53.)" (Emphasis supplied.) We would construe the cited portions of the Court of Appeals decision to mean that the commissioner, as author of the regulations providing assistance to unborn

children, cannot avoid their consequence. His remedy "lies in his own regulations", i.e., until such time as he changes or alters them, he is bound by them. In *Matter of Rankin,* the commissioner did not attack his own regulations, he attempted to deny their existence. *Matter of Rankin* stands for the proposition that regulations promulgated by administrative officers pursuant to statutory authority (Social Services Law, §§ 20, 34) are enforceable against their authors until changed or struck down by the courts.

■ ■ We are now faced with a direct attack on the subject regulations (18 NYCRR 369.2 [a]; 360.5 [g]) premised on the ground that the commissioner's acts in promulgating these regulations were an unlawful attempt to legislate *(Matter of Mondello v D'Elia,* 39 NY2d 978) to the extent that such regulations expand the class of those eligible to receive AFDC benefits. The Social Services Law (§ 349, subd A) provides that "Aid to dependent children shall be given to a parent * * * for the benefit of a child under eighteen years of age". It does not provide for aid to "unborn children". In *Matter of Jones v Berman* (37 NY2d 42, 51, *supra),* cited in the Court of Appeals affirmance of *Matter of Rankin,* it is clearly stated that where a regulation is in conflict with the law, the regulation is invalid. Unquestionably, such a conflict exists herein. Further evidence of the regulations' invalidity can be found in the Supreme Court's decision in *Burns v Alcala* (420 US 575) wherein it was held that unborn children were not encompassed within the Social Security Act's definition of dependent children, the court premising its conclusions, *inter alia,* on the fact that Congress chose to provide Federal funding for prenatal health care in a separate title to the same act. *Burns* also rejected the argument that the HEW policy of offering States an option to claim Federal matching funds for AFDC payments to pregnant women indicated that "dependent children" included unborn children. Concededly, the *Burns* court did not decide whether the HEW policy, relied upon in New York and several other States, was valid. The Supreme Court in *Burns,* as the Appellate Division and the Court of Appeals in *Matter of Rankin,* recognized the subject regulations and their applicability to the factual patterns before the respective courts, but refused to pass on their validity because, unlike here, they were not under attack. (See, also, *Wisdom v Norton,* 507 F2d 750, reh den 520 F2d 938.)

■ In sum, the respondent commissioner in promulgating

regulations (18 NYCRR 369.2 [a]; 360.5 [g]) created rules out of harmony with the statute (Social Services Law, § 349) and thus acted beyond his authority *(Matter of Harbolic v Berger,* 43 NY2d 102; *Matter of Jones v Berman, supra,* p 53).

We, therefore, declare the subject regulations invalid.

The judgment should be reversed, on the law, without costs: and judgment directed to be entered declaring 18 NYCRR 369.2 (a)(1)(i) and 360.5 (g) to be invalid.

GREENBLOTT, J. P. (dissenting). Special Term properly concluded that the respondent proceeded legally and promulgated valid regulations. The Federal Social Security Act of 1935 provided for the establishment of Federal aid to families with dependent children. This act also provided that the States could voluntarily participate and thus receive Federal reimbursement of approximately 50% of the amounts paid (US Code, tit 42, § 601 *et seq.).* New York enacted sections 343 through 362 of the Social Services Law, known as the aid to dependent children program, which was designed to take advantage of the liberal Federal moneys offered. In 1971 the New York State Commissioner of Social Services promulgated a series of regulations which include as dependent children certain unborn children, thus providing for the payment of combined Federal, State and local money to needy unborn children (see 18 NYCRR 352.30 [c]; 360.5 [g]; 369.1 [b]; 369.2 [a] [1] [i]; 369.2 [b]; 369.2 [g] [4] [iv]; 369.3 [a], 369.3 [a] [5]). By these regulations indigent women are permitted to claim public assistance on behalf of their unborn children after the fourth month of medically verified pregnancy.

The majority contends that subdivision A of section 349 of the Social Services Law, which provides that "[a]id to dependent children shall be given to a parent * * * for the benefit of a child under eighteen years of age", does not provide for aid to "unborn children". Strongly relied upon by the majority is *Burns v Alcala* (420 US 575, 581) wherein the Supreme Court defined a "dependent child" within the context of the Social Security Act as being "an individual already born, with an existence separate from its mother".

It does not necessarily follow, however, that *Burns* compels the result urged by the majority. In the recent case of *Matter of Rankin v Lavine* (50 AD2d 1091, affd 41 NY2d 911) the Appellate Division, Fourth Deparment, determined that an unborn child is entitled to aid to dependent children benefits.

The court stated (p 1093): "We do not believe that *Burns v Alcala* (420 US 575) compels a different result. That case merely held that the States are not required to offer welfare benefits to pregnant women for their unborn children in order for them to qualify to receive Federal financial aid under the AFDC program. The Supreme Court left open the option afforded the States to make provision for assistance to unborn children". The court further stated (pp 1092-1093): "For the purpose of granting aid to dependent children benefits, the unborn child is entitled to the same assistance as is given dependent children after birth (18 NYCRR 352.2 [b], 369.1 [b], 369.2 [f] [4] [iv], 369.3 [a] [5]). Assistance for an unborn is not restricted to those pregnant women already receiving assistance. As we wrote in *Matter of Boines v Lavine* (44 AD2d 765, 766, mot for lv to app den 34 NY2d 519, cert den 419 US 1040): 'The legislative and departmental regulations recognize that unborn children have needs separate and independent from those of its mother' and that the mother 'was entitled to an aid for dependent children grant to meet the needs of her unborn infant although she was not a recipient of public assistance'."

The Appellate Division clearly passed on the validity of the regulations, contrary to the statement of the majority.

In affirming the decision of the Appellate Division, the Court of Appeals stated (p 912): "Under Federal law, a State may elect to pay, with Federal assistance, aid to dependent children benefits to pregnant women. However, the payment of such benefits is not mandatory. *(Burns v Alcala,* 420 US 575.)* In New York, the Department of Social Services, by its own regulations *issued in pursuance of its statutory authority* (Social Services Law, §§ 20, 34), within the compass of the statutory eligibility standard for aid to dependent children benefits (Social Services Law, § 349), extended coverage to unborn children, provided that the mother's pregnancy is medically established. (18 NYCRR 369.2 [a] [1] [i]; *Matter of Boines v Lavine,* 44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040.)" (Emphasis supplied.)

Thus the authority of the respondent to extend aid to dependent children benefits to unborn children has been reviewed by our courts and upheld.

We note too that petitioner has launched an attack upon Federal regulations which have never been declared invalid. This court lacks the power to review these regulations. Fed-

eral funds have been provided by Congress in furtherance and implementation of these regulations. This clearly supports the legality of payments to the States participating in the program.

Petitioner's contention that the decision in *Matter of Rankin v Lavine (supra)* is not controlling, alleging that the question of the validity of the State regulations was not before the court, is without merit. Both the Appellate Division, Fourth Department, and the Court of Appeals *necessarily* reviewed the validity of the State regulations and the power of the commissioner to promulgate them in reaching their decisions, and so stated. These decisions cannot be ignored. Respondent was performing legislatively mandated duties pursuant to subdivision 1 of section 358 of the Social Services Law.

It is also important to note that the Court of Appeals decided *Rankin* after the decision in *Burns v Alcala (supra)*. In fact the Court of Appeals cites *Burns* for the proposition that the Federal HEW regulation does not *mandate* the payment of aid to unborn children by a State but does *allow* such payments by a State. It should also be pointed out that the Supreme Court's decision in *Burns v Alcala (supra)* specifically left the Federal regulation intact.

It must also be reiterated that the validity of the Federal regulation was not before Special Term. HEW was not a party to this proceeding. Furthermore, it is evident that the Federal regulation is still in effect in that New York State is presently receiving Federal reimbursement for AFDC benefits to unborn children under that regulation.

Obviously the State Legislature intended to give the department broad powers to maximize Federal reimbursement and to design the State AFDC program to conform with the Federal program. In view of this, the Legislature has ratified these regulations after the fact by consistently appropriating the necessary State funds for support of the AFDC program which includes aid to unborn children. This year the appropriation appears in the local assistance section of the executive budget and was enacted as chapter 53 of the Laws of 1977.

Where, as here, an agency is charged with the administration of a statute, a court's review of that agency's construction of the statute or accompanying regulations is limited. The construction given statutes and regulations by the agency responsible for their administration, if not irrational or unrea-

sonable, must be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

In view of the State Legislature's tacit authorization and approval of the department's aid to unborn children regulations and in view of the Federal regulation and Federal approval of the entire State plan, it certainly cannot be said that the construction given the Social Services Law or the regulations is "irrational" or "unreasonable".

Petitioner contends that even if the State commissioner has the authority under State statutes to issue aid-to-unborn regulations, such regulations are illegal since they conflict with Federal statutory law.

However, the Federal Government has given each State considerable latitude in the determination of eligibility for public assistance. As the Supreme Court said in *Rosado v Wyman* (397 US 397, 408): "There are two basic factors that enter into the determintion of what AFDC benefits will be paid. First, it is necessary to establish a 'standard of need', a yardstick for measuring who is eligible for public assistance. Second, it must be decided how much assistance will be given, that is, what 'level of benefits' will be paid. On both scores Congress has always left to the States a great deal of discretion. *King v. Smith,* 392 U.S., at 318."

In determining who is eligible for AFDC benefits, the Department of Social Services has determined and the State Legislature and the State courts have agreed that an unborn child is a needy child. The courts of this State have repeatedly held that an unborn child has needs separate and distinct from its mother *(Matter of Rankin v Lavine,* 50 AD2d 1091, affd 41 NY2d 911, *supra; Matter of Boines v Lavine,* 44 AD2d 765, *supra; Matter of Catoe v Lavine,* 51 AD2d 545, mot for lv to app den 39 NY2d 709).

As Special Term in *Matter of Boines v Lavine* (71 Misc 2d 259, 260, mod 44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040) stated: "[A]n unborn child has independent needs which should in a proper case be met by a grant of assistance to the mother prior to the birth of the child. * * * Obviously there are many items which must be available for a newborn child immediately upon its arrival home from the hospital. These items take time to acquire and therefore it would be impractical and in many cases impossible to make the mother wait until the child is born to apply for this assistance." The increased needs of the pregnant

mother are reasonably attributed to the unborn child. One cannot say that an unborn child is any less needy than a postnatal child, nor any less "dependent". Surely, the department's determination to aid the unborn is rational and reasonable.

Given the decision of the Court of Appeals in *Rankin,* given the validity of the Federal regulation which allows the States to extend AFDC benefits to unborn children and given the Legislature's directive to Commissioner Toia to implement the Federal Social Security Act (Social Services Law, § 358, subd 1), it is inescapable that the Social Services regulations which extend AFDC benefits to unborn children are valid.

We, therefore, dissent and vote to affirm.

KANE and LARKIN, JJ., concur with MAHONEY, J.; GREENBLOTT, J. P., and SWEENEY, J., dissent and vote to affirm in an opinion by GREENBLOTT, J. P.

Judgment reversed, on the law, without costs, and judgment directed to be entered declaring 18 NYCRR 352.30 (c), 369.2 (a) (1) (i) and 360.5 (g) to be invalid.