OPINION OF THE COURT
Cooke, J.
We deal here with the validity of State regulations entitling an indigent woman to public assistance on behalf of her unborn child.
Petitioner, in his capacity as Westchester County Commissioner of Social Services, commenced this article 78 proceeding, later converted into an action for a declaratory judgment (CPLR 103, subd [c]), to have declared invalid certain Department of Social Services regulations. Those regulations (18 NYCRR 352.30 [c], 360.5 [g], 369.2 [a] [1] [i]) permit eligible women to claim recurring Aid to Families with Dependent Children (AFDC) grants after the fourth month of a medically verified pregnancy.
Special Term held that respondent, the New York State Commissioner of Social Services, had not proceeded illegally in adopting the challenged regulations and, consequently, that the regulations were valid. A closely divided Appellate Division reversed (60 AD2d 459, 463). We now reverse that determination.
The AFDC program is one of the four major categorical assistance plans provided for by the Social Security Act of 1935 (US Code, tit 42, § 301 et seq.; see Rosado v Wyman, 397 US 397, 408, n 10). Fifty percent of the program is financed by the Federal Government, the remaining costs being divided equally between the State and the local public welfare district. Although State participation in the AFDC program is essentially voluntary, when a State does elect to participate it is required to submit an AFDC plan to the Department of Health, Education and Welfare (HEW) for approval by the Secretary (US Code, tit 42, §§ 601-604; see Hagans v Lavine, 415 US 528, 530; Social Services Law, § 358, subd 1). So long *463 as its plan meets the requirements of the Federal act, a State is given considerable latitude in determining both the standard of need to be employed in ascertaining eligibility for benefits and the level of benefits to be paid to eligible recipients (Rosado v Wyman, supra, at p 408).
Recognizing that indigent women do not have the means to obtain adequate prenatal care, HEW, through its regulations, permits payment of AFDC benefits to expectant mothers "with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis” (45 CFR 233.90 [c] [2] [ii]). The commissioner has adopted this voluntary portion of the AFDC program. Thus, the commissioner has determined by regulation: "In determining the net available income of a family household in which there is a pregnant woman, such family household shall be considered as increased by one person from the fourth month of pregnancy which has been medically verified” (18 NYCRR 360.5 [g]). The import of the State regulations is manifest. After the fourth month of a medically verified pregnancy, an unborn child is treated as a dependent child and is entitled to the same assistance under the AFDC program as is afforded a dependent child after birth (18 NYCRR 352.2 [b], 369.1 [b], 369.2 [a] [1], [i] [4] [iv], 369.3 [a] [5]; see Matter of Rankin v Lavine, 50 AD2d 1091, 1092, affd 41 NY2d 911).
Petitioner mounts his assault against the challenged regulations on two fronts. First, he asserts that HEW is without authority to approve Federal participation and thus provide Federal funds to those States electing to grant AFDC benefits to the unborn. Reliance is placed principally upon Burns v Alcala (420 US 575), wherein the Supreme Court held that unborn children are not included within the definition of "dependent child” in the Social Security Act (US Code, tit 42, § 602) and that States are therefore not required to make AFDC benefits available to pregnant women (420 US, at pp 577-578, supra; see, also, Wisdom v Norton, 507 F2d 750, 755, reh den 520 F2d 938). Hence, petitioner contends that since State statutes and regulations pertaining to AFDC benefits must be interpreted in a manner consistent with Federal law (see Matter of Boines v Lavine, 44 AD2d 765, 766, mot for lv to app den 34 NY2d 519, cert den 419 US 1040) and since Federal law does not authorize such expenditures on behalf of unborn children, the challenged regulations are invalid.
There is, however, a fatal flaw in petitioner’s argument. *464 The Burns court held only that States are not required to provide AFDC benefits to pregnant women for their unborn children. It left open the option afforded the States to make Federally funded AFDC benefits available for assistance to pregnant women on behalf of their unborn children (420 US, at pp 584-586, supra; see Matter of Rankin v Lavine, 41 NY2d 911, 912, supra; see, generally, Note, Eligibility of the Unborn for AFDC Benefits: The Statutory and Constitutional Issues, 54 Boston U L Rev 945). There being no conflict between the challenged regulations and Federal law, this argument must fail.
Petitioner’s second prong of attack lies in his assertion that respondent State commissioner is without authority under the Social Services Law to promulgate the challenged regulations. In this regard, we note initially that our scope of review is rather limited. So long as the construction given the relevant statutes by the commissioner in promulgating these regulations is not irrational or arbitrary, judicial inquiry is foreclosed (Matter of Ward v Nyquist, 43 NY2d 57, 63; Matter of Howard v Wyman, 28 NY2d 434, 438). But, while the scope of our review may be limited, it is not toothless, and administrative rules are not judicially approved in a pro forma manner. The Legislature may constitutionally delegate rule-making authority to an administrative agency only if it furnishes the agency with at least a broad outline within which to act (Matter of Levine v Whalen, 39 NY2d 510, 515-516). Certainly, the commissioner has no authority to create rules and regulations without a statutory predicate either express or implied. Such action would be tantamount to legislation by administrative fiat and, by definition, irrational (Matter of Harbolic v Berger, 43 NY2d 102, 109; Matter of Jones v Berman, 37 NY2d 42, 53).
Viewed from this perspective, there can be no question but that the regulations challenged here are valid. The commissioner is vested by statute with broad rule-making power to effectuate the duties of his office (Social Services Law, §§ 20, 34), and more specifically with respect to the administration of the State AFDC program is directed to "act for the state in any negotiations relative to the submission and approval of [an AFDC plan] and make any arrangement which may be necessary to obtain and retain such approval and to secure for the state the benefits of such federal act relating to aid to dependent children” (§ 358, subd 1). Thus, it is evident that *465 the Legislature has given the commissioner broad authority to maximize the Federal AFDC reimbursement rate available to the State by conforming the State plan to the optional payment provisions of the Federal program.
By furnishing indigent women with AFDC benefits so that proper prenatal care so vital to physical and mental well-being of the unborn child can be provided, both the Legislature and commissioner have recognized and fulfilled their constitutional obligation (NY Const, art XVII, § 1) to aid the needy (see Matter of Catoe v Lavine, 51 AD2d 545, mot for lv to app den 39 NY2d 709). In effect, the challenged regulations do nothing more than breathe life into the guarantee of the provision of AFDC assistance immediately to post-partum children in conformance with both the State and Federal regulatory scheme (see Matter of Rankin v Lavine, 41 NY2d 911, supra; Matter of Boines v Lavine, 44 AD2d 765, mot for lv to app den 34 NY2d 519, cert den 419 US 1040, supra). Although the Legislature certainly could have provided otherwise and the commissioner could have chosen not to make these benefits available, the relevant statutes, as presently written, explicitly empower the commissioner to promulgate the challenged regulations. It cannot be said, therefore, that these regulations are anything but valid.
Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted in favor of respondent declaring subdivision (c) of section 352.30, section 369.2 (subd [a], par 1, cl [i]) and subdivision (g) of section 360.5 of title 18 of the New York Codes, Rules and Regulations, to be valid (see Lanza v Wagner, 11 NY2d 317, 334).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, with costs, and judgment granted in favor of the New York State Commissioner of Social Services in accordance with the opinion herein.