Hon. William C. Hennessy Commissioner Department of Transportation
This is in response to your letter received April 12, 1979 wherein you request the opinion of the Attorney General whether your "department (formerly the Department of Public Works) had the legal authority on July 1, 1956 to issue special hauling permits for divisible loads".
Your letter specifically states that it was the "understanding at that time that the Superintendent of Public Works could issue special hauling permits for divisible loads for `good cause being shown'", pursuant to then section 14, subd. 19 of the Vehicle and Traffic Law, and that such subdivision was silent on the subject of "whether the Superintendent could issue permits for loads that could be broken down to the legal weight limit and at the same time, it did prohibit these permits from being issued to include a towing operation involving more than two vehicles (`tandem trailers', `double bottom')". You also indicate that during the energy crisis of 1974, the Superintendent issued permits upon "good cause" shown for divisible loads above the 71,000 pound maximum up to 80,000 pounds; and that the law was amended by chapter 753 of the Laws of 1977 to permit maximum gross weight for vehicles to 80,000 pounds, but prohibited "the issuance of special hauling permits for divisible loads."
The dimension and weight limits of vehicles operating on the State's highways has long been prescribed by statute. See Vehicle and Traffic Law, section 14, as enacted by L. 1929, ch. 695. In 1930 that section was repealed and a new section 14 was enacted, L. 1930, ch. 498. Subdivision 4 of that section increased the gross weight permitted for the combined weight of vehicles and subdivision 6 thereof gave the Superintendent the authority "in case of emergency", to "grant permission in writing to exceed the limits prescribed". That section was subsequently repealed and a new section 14 was added by chapter 254 of the Laws of 1931, which further increased vehicle limitations. Subdivision 19 of the 1931 provision continued the authority of the Superintendent "for good cause shown" to issue a permit to operate upon the highways a vehicle or a combination of vehicles, the weights or dimensions of which exceeded the limitations prescribed in the statute.
By an amendment to section 14 of the Vehicle and Traffic Law, as enacted by chapter 348 of the Laws of 1956, effective April 15, 1956, a proviso was added to subdivision 19: "that no such permit may be issued to include a towing operation involving more than two vehicles, except during storms, floods, fires or other public emergencies". The section otherwise continued as before the Superintendent's right to issue permits for the operation of vehicles on the State's highways in excess of stated limitations. Subdivision 19 then read in full:
 "Upon application in writing and good cause being shown, the superintendent of public works may issue a permit to operate or move a vehicle or a combination of vehicles, the weights or the dimensions of which exceed the limitations provided for in this section upon any highway under his jurisdiction; provided, however, that no such permit may be issued to include a towing operation involving more than two vehicles, except during storms, floods, fires or other public emergencies. Every such permit may designate the route to be traversed and contain any other restrictions or conditions deemed necessary by the superintendent. For any other public highway not on the state system of highways, the authority having jurisdiction over same may issue a similar permit. Every such permit shall be carried on the vehicle to which it refers and shall be open to the inspection of any peace officer. All permits issued shall be revocable by the authority issuing them at the discretion of the authority without a hearing or the necessity of showing cause".
Throughout the entire legislative history, from 1930 to date, of weight and dimension limitations pertaining to vehicles operating on the highways of this State, the Superintendent has had authority to issue permits, for good cause shown, to allow the operation of vehicles in excess of statutory limitations.
The question you pose is whether the Superintendent on July 1, 1956, had the authority to issue special hauling permits for divisible loads which exceeded statutory weight or dimensions. The statute and its predecessors were silent as to whether the authority to permit loads in excess of the statutory limit applied to divisible or non-divisible loads. Absent such restricted authority, it is the opinion of this office that the Superintendent's interpretation of his authority was the proper one and would have to be given great weight by any court (Howard v Wyman,28 N.Y.2d 434 [1971]; Matter of Ward v Nyquist, 43 N.Y.2d 57, 63 [1978];Matter of Bates v Toia, 45 N.Y.2d 460, 464 [1978]). Even had the Superintendent not made such an interpretation, statutory construction would compel us to reach this conclusion because there was no direction by the Legislature in enacting the prior Vehicle and Traffic Law, section 14, subdivision 19, so to limit the Superintendent's exercise of discretion in issuing the required permit (section 110, General Construction Law).
Former section 14, subdivision 19 of the Vehicle and Traffic Law as amended in 1956 is now designated section 385, subdivision 15 of that law. By chapter 420 of the Laws of 1968 the authority for issuing such permits was transferred from the Superintendent of Public Works to the Department of Transportation. Chapter 735 of the Laws of 1977 added a proviso which now reads as follows:
 "That no such permit shall be issued to allow operation or movement of any vehicle or combination of vehicles whose weight exceeds the limitations otherwise prescribed in this section except upon a finding by the department of transportation or the appropriate authority as the case may be that the load proposed is of one piece or item or otherwise cannot be separated into units of less weight".
The adoption of this amendment limiting the authority of the Department to issue such permits for divisible loads lends further weight to the conclusion that it had such authority before its enactment. Since it was not specifically proscribed in the prior law, the reasonable inference is that the power existed to issue the special permit on July 1, 1956, whether the load was divisible or not, and was inherent in the "Superintendent".
It is therefore my opinion that on July 1, 1956, the Superintendent of Public Works had the authority to issue permits for loads in excess of the statutory limitation whether or not such loads were divisible.