OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment: (1) annulling the fair hearing decision of Commis *468 sioner Blum dated August 30, 1978, which affirmed the determination of the Albany County Department of Social Services which denied petitioner an additional grant from the fourth month of pregnancy for the second child born to her on June 5, 1978; and (2) permitting this proceeding to be maintained as a class action pursuant to CPLR 902.
Petitioner was receiving a grant of public assistance in the Aid to Dependent Children (hereinafter referred to as ADC) category for herself and one child until January 7, 1978. On that date, her public assistance budget was increased by one person as she was then entering her fourth month of pregnancy (pursuant to 18 NYCRR 352.30 [c]). On January 31, 1978, petitioner was advised by her doctors that she would give birth to twins. She subsequently informed employees at the Albany County Department of Social Services of the fact, and requested that her budget be increased further because of the twins. Petitioner was advised that no further assistance would be provided her until after the children were born.
On June 5, 1978, petitioner gave birth to twins; at that time the local agency increased her budget to reflect the birth of the twins. On June 27, 1978, petitioner requested a fair hearing to review the local agency’s determination not to provide assistance for her second unborn child from her fourth month of pregnancy. A fair hearing was held on July 17, 1978, and by a decision of August 30, 1978, Commissioner Blum affirmed the determination of the local agency.
Petitioner contends that respondents’ denial of ADC assistance for the benefit of each of petitioner’s two unborn children was arbitrary, irrational and contrary to the well-established law of the State.
This court must agree with the contentions of the petitioner. In New York State, the Department of Social Services, by its own regulations issued in pursuance of its statutory authority, within the compass of the statutory eligibility standard for aid to dependent children benefits, extended coverage to unborn children, provided that the mother’s pregnancy is medically established (18 NYCRR 352.30 [c]; Matter of Rankin v Lavine, 50 AD2d 1091, affd 41 NY2d 911; Matter of Boines v Lavine, 44 AD2d 765, mot for lv to app den 34 NY2d 519; Matter of Bates v Toia, 45 NY2d 460). The courts of this State further recognized the fact that unborn children have certain needs which are separate from those of their mothers, and can therefore only be met by a grant of *469 assistance for the child in its own right. (Matter of Rankin v Lavine, supra; Matter of Boines v Lavine, supra; Matter of Catoe v Levine, 51 AD2d 545.) The instant fair hearing decision granting aid to only one of two children ignores these separate needs and is an unreasonable construction of its own regulation. (Baker v Fahey, Supreme Ct, Albany County, Feb. 26, 1977.) The decision of Commissioner Blum is therefore reversed and respondent Fahey is directed to comply with 18 NYCRR 352.30 (c) by reimbursing petitioner with a pre-add allowance for her second child retroactive from the date of her fourth month of pregnancy.
The petitioner’s application that this proceeding be maintained as a class action is denied as petitioner is not representative of the proposed class; and governmental operations are involved so future petitioners will be protected by the principles of stare decisis. (Matter of Jones v Berman, 37 NY2d 42; Matter of Martin v Lavine, 39 NY2d 72.)