■ In the Matter of LISA DILLON, Individually and as Parent and Natural Guardian of JEFFREY BARLOW, et al., Respondents, v JOHN FAHEY, as Commissioner of the Albany County Department of Social Services, Respondent, and BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered May 24, 1979 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a fair hearing decision of the Commissioner of the New York State Department of Social Services. Petitioner Lisa Dillon was receiving public assistance under the category of aid to families with dependent children for herself and one child when, on January 7, 1978, her public assistance allowance was increased to reflect an additional member in her household because she was then entering her fourth month of pregnancy. This increase was granted by the Albany County Department of Social Services (local agency) pursuant to 18 NYCRR 352.30 (c), which provided that: "For purposes of the schedule of monthly payments and allowances [Schedule SA-2 of Section 352.2 of this Part] only, the household of a pregnant woman who has been determined to be in need of public assistance shall be deemed increased by one person from the fourth month of medically verified pregnancy." Subsequently, on January 31, 1978, petitioner was advised by her physician that she was carrying twin unborn children, and as a result, she requested that the local agency increase her assistance grant

to accommodate the needs of the additional child. This request was denied, however, and the twins were later born on June 5, 1978. Thereafter, petitioner requested and was granted a fair hearing to review the local agency's denial of her request for increased assistance, and following this hearing, the State Commissioner of Social Services affirmed the local agency's ruling in a decision which held that, in accordance with "the clear and unambiguous language" of the above-cited regulation, petitioner was not entitled to the requested additional allowance for the second child born on June 5, 1978. The instant proceeding ensued, and at Special Term the State commissioner's fair hearing decision was annulled. Furthermore, the commissioner of the local agency was directed to reimburse petitioner for the second child, which petitioner had been carrying, by granting her an additional allowance to cover the period from January 7, 1978 to June 5, 1978. The State commissioner now appeals. We hold that the judgment of Special Term must be affirmed. The settled policy in this State, as clearly enunciated by the Court of Appeals, is that "The import of the State regulations is manifest" and an unborn child after the fourth month of a medically verified pregnancy "is treated as a dependent child and is entitled to the same assistance under the AFDC program as is afforded a dependent child after birth" (Matter of Bates v Toia, 45 NY2d 460, 463). Pursuant to this clear statement of policy, petitioner was plainly entitled to separate grants of assistance during her pregnancy for each of her twin unborn children, and, therefore, the State commissioner's denial of such assistance was arbitrary and contrary to the established law of this State. That being so, the State commissioner's decision was properly annulled. Judgment affirmed, without costs. Kane, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur. [99 Misc 2d 467.]