Terriciena CARTER, Luz Figueroa, Gloria Ward, Melodie Ann Kay, Ethel Lacy, Margaret Croft, Linda Ridgeway, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Barbara BLUM, Individually and in her capacity as Commissioner of the N.Y.S. Department of Social Services; John Fredericks, Individually and in his capacity as Director of the Food Stamp Bureau of the N.Y.S. Department of Social Services; John H. Battistoni, Individually and in his capacity as Commissioner of the Dutchess County Department of Social Services; Thomas L. Keenan, Individually and in his capacity as Commissioner of the Niagara County Department of Social Services; Robert E. Laundree, Individually and in his capacity as Commissioner of the Essex County Department of Social Services; Noel Weinberg, Individually and in his capacity as Commissioner of the Rockland County Department of Social Services; Charles V. Fiorella, Individually and in his capacity as Commissioner of the Chautaugua County Department of Social Services; Sarah Curtis, Individually and in her capacity as Commissioner of the Steuben County Department of Social Services; Stanley Brezenoff, Individually and in his capacity as Commissioner of the Human Resources Administration of the City of New York, Defendants.

No. 79 Civ. 5896 (JMC).

United States District Court,
S. D. New York.

June 11, 1980.

Community Action for Legal Services, Inc., New York City (Catherine P. Mitchell,

Daniel J. Wise, and Alice McInerney, New York City, of counsel), for plaintiffs.

Robert Abrams, Atty. Gen. of the State of N. Y., Marian B. Scheuer, Asst. Atty. Gen., New York City, for the State defendants.

Allen G. Schwartz, Corp. Counsel for the City of New York, Joseph F. Bruno, and David Drueding, Asst. Corp. Counsel, New York City, for defendant Brezenoff.

## MEMORANDUM AND ORDER

CANNELLA, District Judge.

Plaintiffs' motions for judgment on the pleadings, or summary judgment, and class certification are denied. Fed.R.Civ.P. 12(c), 56, 23(c).

Defendants' motion for summary judgment is granted. Fed.R.Civ.P. 56.

This class action was commenced on behalf of recipients of public assistance residing in various counties in New York who have received a pregnancy allowance under the Aid to Families with Dependent Children ["AFDC"] program, and who also receive food stamp benefits. The defendants are the Commissioner of the New York State Department of Social Services, the Director of the Food Stamp Bureau of the New York State Department of Social Services, and various commissioners of county social service departments. The plaintiffs seek to enjoin the defendants from including the pregnancy allowance in calculations of income for the purpose of determining eligibility and benefits under the Food Stamp Act of 1977, 7 U.S.C. § 2011 *et seq.*

Under the AFDC program, benefits are graduated according to household size.[1] The pregnancy allowance, an optional AFDC program which New York has chosen to offer to its public assistance recipients, provides that an unborn child is to be considered a household member from the fourth month of pregnancy for the purpose of computing AFDC payments. 18 N.Y.C. R.R. § 352.30(c). This increases the AFDC payments received by the household by approximately $50 to $58 per month.[2]

Eligibility and benefits under the food stamp program, which is administered by the defendants in New York State, are determined by household size and income.[3] The State administrators determine entitlement solely upon federal law and regulations promulgated by the Secretary of Agriculture ["the Secretary"]. In computing eligibility and benefits under the food stamp program, the defendants include the pregnancy allowance in the income of the household, but do not consider the child a member of the household until its birth. As a result of this practice, the plaintiffs suffer a reduction in food stamp benefits of approximately one dollar for every three dollars of pregnancy benefits received. The plaintiffs contend that this practice violates the provisions of the Food Stamp Act and deprives them of rights secured under fed-

---

1. The AFDC program is one of four major categorical assistance plans provided for by the Social Security Act of 1935, 42 U.S.C. § 301 *et seq.* Fifty percent of the program is financed by the federal government, with the remaining costs divided equally between the state and local public welfare districts. While state participation in the program is voluntary, participating states must submit a plan to the Department of Health and Human Services for approval.

2. Payment of the pregnancy allowance increases the household's AFDC grant in accordance with the benefit schedule set forth below:

| Household Size | 1 | 2 | 3 | 4 | 5 | 6 | |
|---|---|---|---|---|---|---|---|
| Monthly AFDC Benefit | $94 | $150 | $200 | $258 | $318 | $368 | * |

\* Each additional person $50.

18 N.Y.C.R.R. § 352.2(d), Schedule SA–2; *see* N.Y. Soc. Serv. Law § 131–a(3) (McKinney 1976).

3. The food stamp program was established in 1964 to raise levels of nutrition among low-income households. 7 U.S.C. § 2011. An eligible household can maintain a more nutritious diet by purchasing food stamps at a reduced rate based upon its size and cumulative income. The food stamps are then used to purchase food at retail stores, and the federal government redeems the stamps at face value, thereby paying the difference between the actual cost of the food and the amount paid by the household for the stamps. 7 U.S.C. §§ 2013(a), 2017, 2027(a).

eral statutes and regulations in violation of 42 U.S.C. § 1983.[4] Jurisdiction is based upon 28 U.S.C. § 1337.[5]

According to the plaintiffs, the inclusion of the pregnancy allowance in the household's income violates the Food Stamp Act and it regulations. They argue that the allowance should be excluded from income under a specific provision in the statute and regulations for the exclusion of "moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member." 7 U.S.C. § 2014(d)(6); 7 C.F.R. § 273.9(c)(6).[6] The defendants have moved for judgment on the pleadings, or alternatively summary judgment, on the ground that this exception is inapplicable to the payments in question. The plaintiffs have cross-moved for judgment on the pleadings, or, alternatively, summary judgment.[7] Having heard oral argument on these motions on March 19, 1980, the Court finds that there are no material facts in dispute.

## DISCUSSION

The 1977 amendments to the Food Stamp Act broadly define income to be considered for food stamp purposes. "All moneys are to be considered as income, unless specifically excluded by the statute." 43 Fed.Reg.

> (8) moneys received in the form of non-recurring lump-sum payments, including, but not limited to, income tax refunds, rebates, or credits, retroactive lump-sum social security or railroad retirement pension payments and retroactive lump-sum insurance settlements: *Provided*, That such payments shall be counted as resources, unless specifically excluded by other laws, (9) the cost of producing self-employed income, and (10) any income that any other law specifically excludes from consideration as income for the purpose of determining eligibility for the food stamp program.

7 U.S.C. § 2014(d).

The Secretary's regulation concerning the third-party beneficiary exclusion provides:

> (c) *Income exclusions.* Only the following items shall be excluded from household income and no other income shall be excluded:
>
> .    .    .    .    .
>
> (6) Moneys received and used for the care and maintenance of a third-party beneficiary *who is not a household member.* If the intended beneficiaries of a single payment are both household and nonhousehold members, any identifiable portion of the payment intended and used for the care and maintenance of the nonhousehold member shall be excluded. If the nonhousehold member's portion cannot be readily identified, the payment shall be evenly prorated among intended beneficiaries and the exclusion applied to the nonhousehold member's prorata share or the amount actually used for the nonhousehold member's care and maintenance, whichever is less.

7 C.F.R. § 273.9(c)(6).

**4.** The defendants contend that alleged violations of the Food Stamp Act and its regulations do not state a cause of action under 42 U.S.C. § 1983. Since the Court concludes that the inclusion of the pregnancy allowance in household income does not violate the provisions of the Act, it is unnecessary to decide this issue.

**5.** Contrary to the defendants' contention, the Court finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337, since plaintiffs assert rights under the Food Stamp Act which is an act regulating commerce. *See Russo v. Kirby*, 453 F.2d 548, 551 (2d Cir. 1971).

**6.** Section 2014(d) of title 7 of the United States Code provides:

> Household income for purposes of the food stamp program shall include all income from whatever source excluding only (1) any gain or benefit which is not in the form of money payable directly to a household, (2) any income in the certification period which is received too infrequently or irregularly to be reasonably anticipated, but not in excess of $30 in a quarter, (3) all educational loans on which payment is deferred, grants, scholarships, fellowships, veterans' educational benefits, and the like to the extent that they are used for tuition and mandatory school fees at an institution of higher education or school for the handicapped, (4) all loans other than educational loans on which repayment is deferred, (5) reimbursements which do not exceed expenses actually incurred and which do not represent a gain or benefit to the household, (6) moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member, (7) income earned by a child who is a member of the household, who is a student, and who has not attained his eighteenth birthday,

**7.** Plaintiffs do not oppose that portion of the defendants' motion which seeks to dismiss the complaint as to defendants Blum, Fredericks and Brezenoff in their individual capacities.

47846, 47864 (Oct. 17, 1978). Section 2014(d) states that "[h]ousehold income for purposes of the food stamp program shall include income from whatever source excluding only" ten specific income exclusions, one of which is moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member. 7 U.S.C. § 2014(d)(6).[8]

Pursuant to statutory authorization, *id.* § 2014(g), the Secretary has promulgated regulations defining income to which state plans must conform. *Id.* § 2014(b). These generally follow the language of the statute and specify items to be included in, excluded from, and deducted from income. *See* 7 C.F.R. § 273.9. Section 273.9(b)(2)(i) provides that payments from federally aided public assistance programs, such as the AFDC program, shall be included in the household's income. The regulations do not, however, specifically address the treatment to be afforded the AFDC pregnancy allowance.

In attacking the defendants' policy of including the pregnancy allowance in household income while refusing to increase household size, the plaintiffs do not challenge the inclusion of other public assistance benefits in household income, or the Secretary's determination that unborn children are not members of the household entitled to benefits under the Food Stamp Act. *See* 43 Fed.Reg. 47846, 47852 n.19 (Oct. 17, 1978).[9] Instead, they argue that these payments are made for the benefit of the unborn child, who is not considered a member of the household for food stamp purposes, and that therefore they should be excluded from income under 7 U.S.C. § 2014(d)(6) and 7 C.F.R. § 273.9(c)(6). In support of this argument, the plaintiffs point out that the pregnancy allowance is paid to indigent women so that proper prenatal care which is vital to the well-being of the unborn child can be provided. *See Bates v. Toia*, 45 N.Y.2d 460, 410 N.Y.S.2d 265, 382 N.E.2d 1128 (1978).

The defendants, on the other hand, argue that the pregnancy allowance is properly includable, since it is received by the pregnant woman, who has complete discretion over its use, and because the fetus cannot be considered a "third party."[10] Furthermore, the defendants argue that the Department of Agriculture ["the Department"] mandates the inclusion of the pregnancy benefits in income.

The defendants' characterization of the plaintiffs' claim regarding the application of the exclusion as frivolous is undermined by defendant Fredericks' own initial interpretation.[11] Fredericks wrote to John A. Goodale, Chief of the Program Development Section, Family Nutrition Programs, United States Department of Agriculture, to inquire about the exclusion of the pregnancy allowance under this provision. Goodale answered:

> We are unable to consider [the pregnancy] allowance as a payment to a household for the care and maintenance of a

---

**8.** In adopting this broad definition of income "[t]he Committee's intent . . . is to cast the broadest possible net, including all forms of what has been found to constitute income." The Committee, aware of several pre-amendment judicial challenges to the inclusion of certain program-related allowances in income, further noted:

> There is no basis, if the Committee bill becomes law, for a court to contrast the Secretary's regulations with the purposes of this Act, since the express terms controlling the concept of "income", which do not exist in present law, would govern. With respect to the constitutional issues, the Committee can only note that it views its broad-gauged definition of income as rational and equitable, since it intends to measure income as broadley [*sic*] as possible to be fair to all recipients

as well as to the tax-paying public and not simply by reference to purchasing power available for food.

H.R.Rep.No.464, 95th Cong., 1st Sess. 24, 27, *reprinted in* [1977] U.S.Code Cong. & Admin. News 1978, 2001, 2004.

**9.** The regulation defining non-household members does not specify unborn children of household members. 7 C.F.R. § 273.1(b).

**10.** *See* Memorandum in Support of the Motion for Summary Judgment on Behalf of Defendants Blum and Fredericks at 11–12 (filed Jan. 15, 1980).

**11.** *See* Affidavit of John C. Fredericks, Exhibit A (filed Jan. 15, 1980).

third party beneficiary who is not a household member. In the absence of specific language on [*sic*] Food Stamp Act requiring the disregarding of money received as a pregnancy allowance, there is no basis in [*sic*] excluding these funds in the determination of a household's income. Therefore, *your agency must continue to regard Public Assistance Pregnancy Allowance as income.*[12]

To support Goodale's interpretation, the defendants submitted the declaration of the Deputy Administrator for Family Nutrition Programs, Food and Nutrition Service (FNS) as an official interpretation of the Department of Agriculture. The declaration states:

Departmental policy, based on Congressional intent articulated in the Report of the House Committee on Agriculture on the Food Stamp Act of 1977, the Act and its regulations, is to exclude funds payable to a household member for the care and maintenance of a person who is not included in the household unit, such as a relative in an institution. Additional allowances paid to pregnant women under the Aid to Families With Dependent Children (AFDC) program are not excludable as income under this provision since the payee has complete discretion with respect to disposition of the allowance and the fetus is not a third-party separate and apart from the household, nor are its care and maintenance separate from that of its mother.

Declaration of Alberta Frost (filed March 10, 1980).

■ The plaintiffs contend that the Department's interpretation is one of general applicability, and is therefore void, since it was not promulgated and published in a manner consistent with the provisions of the Administrative Procedure Act, 5 U.S.C. § 553, and the Freedom of Information Act, 5 U.S.C. § 552(a)(1)(D). The Court agrees. *See Anderson v. Butz,* 550 F.2d 459 (9th Cir. 1977). Accordingly, it is not binding on the Court.

■ To determine the merits of plaintiffs' claim, the Court has reviewed the provisions of the amended statute, the regulations, and the legislative history of the amendments. While the Court agrees with the plaintiffs that the pregnancy allowance is treated somewhat unfairly under the present statutory and regulatory scheme, the Court finds that these benefits were not intended to be excluded from income under 7 U.S.C. § 2014(d)(6) or 7 C.F.R. § 273.-9(c)(6). The regulations and legislative history of the amended statute set forth in great detail the items which are included in and excluded from income. Predominantly, the items excluded from income are reimbursements for specific expenses, such as volunteer expenses or medical care, 7 C.F.R. § 273.9(c)(5)(ii), (iii), and moneys which never *actually enter the household's income pool.* *Id.* § 273.9(c)(1). The House Report only briefly mentions the exclusion contained in 7 U.S.C. § 2014(d)(6):

Finally, this section would exclude monies received by a household, but used for the care and maintenance of *another person who is not a household member,* for example, a relative's pension check that goes to and is cashed by the household and then is used to support that relative in an institution.

H.R.Rep.No.464, 95th Cong., 1st Sess. 36, *reprinted in* [1977] U.S.Code Cong. & Admin.News, pp. 1978, 2013 (emphasis added). Both the regulations and the legislative history envision household receipt of funds that are used to support an identifiable third person who is not a member of the household.[13] While it is true that the Secretary found that the fetus is not a member of the household entitled to receive benefits under the Act, this determination does not mandate a finding that the fetus is a separate individual living outside the household.

Moreover, had Congress intended to exclude the pregnancy allowance from household income, it is highly doubtful that it would have relied upon such a novel interpretation of section 2014(d)(6). The legislative history of the amendments shows an

---

12. *Id.,* Exhibit B.

13. *See* 7 C.F.R. § 273.1(b).

awareness of the inter-relationship of the AFDC program and the Food Stamp Act.[14] The Court can only infer that, since the amended Food Stamp Act broadly defines income subject only to certain specific exclusions and deductions, Congress would have expressly excluded the pregnancy allowance from income if it desired that result. This conclusion is supported by Congress' treatment of supplemental food payments for children, pregnant and lactating women under the provisions of the Special Supplemental Food Program for Women, Infants and Children (WIC), 42 U.S.C. § 1786, which are expressly excluded from household income pursuant to 7 U.S.C. § 2014(d)(10).[15] *See* H.R.Rep.No.464, 95th Cong., 1st Sess. 38–39, *reprinted in* [1977] U.S.Code Cong. & Admin.News, pp. 2015–16.[16] While the state administrators' treatment of the pregnancy allowance may appear unfair, the plaintiffs' request for relief

is more properly addressed to the Secretary or Congress.

## CONCLUSION

Accordingly, since there is no indication in the statute, regulations or legislative history that the pregnancy allowance should be excluded from income pursuant to 7 U.S.C. § 2014(d)(6), or 7 C.F.R. § 273.9(c)(6), plaintiffs' motion for summary judgment is denied, and defendants' motion for summary judgment is granted. Fed.R.Civ.P. 56.

The Clerk of the Court is directed to prepare and enter Summary Judgment for the defendants.

SO ORDERED.

**14.** Throughout the House Report, the methodologies of the two programs are contrasted, and further the Committee noted that 37.7 percent of all food stamp households have AFDC benefits as their major source of income. H.R. Rep.No.464, 95th Cong., 1st Sess. 46, *reprinted in* [1977] U.S.Code Cong. & Admin.News, pp. 1978, 2023.

**15.** Section 2014(d)(10) provides:

Household income for purposes of the food stamp program shall include all income from whatever source excluding only . . . (10) any income that any other law specifically excludes from consideration as income for the purpose of determining eligibility for the food stamp program.
7 U.S.C. § 2014(d)(10).

**16.** In regard to the WIC program, the House Report states:

To count WIC benefits as income would undercut the purpose of the WIC program—which is designed as a food prescription program for pregnant and nursing women and young children who are a nutritional risk. It makes no sense to provide WIC foods with one hand and take away food stamps with the other.

In addition, the result of counting WIC benefits as income would be to raise the price of a family's food stamps, even though the WIC program provides such a family with no additional cash with which to purchase the stamps.

This would also prove very cumbersome administratively. In some areas, WIC foods are handed out directly to the recipient by a health clinic. In many areas, some recipients

are given food or vouchers for only a part of the WIC food package in accordance with their individual nutritional needs. Food stamp caseworkers would have to ascertain the dollar value of the particular food items or particular food vouchers each WIC family received each month. This would be quite difficult.

Finally, it should be noted that pregnant and nursing women need more food than other people, and that the food stamp coupon allotments provide less than the Department says it costs to purchase the Thrifty Food Plan (the Department's cheapest food plan) for pregnant and nursing women.
*Id.* at 39, *reprinted in* [1977] U.S.Code Cong. & Admin.News, at 2015–16. While this statement seems to support plaintiffs' argument that the inclusion of the pregnancy allowance in income frustrates the purpose of the AFDC pregnancy allowance, it also illustrates several distinctive characteristics of the WIC program which require the exclusion of WIC benefits from income. Most importantly, WIC benefits are non-cash grants. The pregnancy allowance, on the other hand, is a cash payment to the household which is intended to be used to defray the cost of prenatal care, including supplementing the nutritional needs of the mother during the pregnancy. In this regard, the pregnancy allowance provides the household with additional cash which could be used to purchase food stamps, and which is otherwise unavailable to other pregnant food stamp recipients. *See Knebel v. Hein*, 429 U.S. 288, 295, 97 S.Ct. 549, 554, 50 L.Ed.2d 485 (1977).