Mary Lou McCOY; Kay Ralston; Valerie Carey; Denise E. Rowley; Catherine Wood; Deborah Hutchings; and Diane Kleine; individually and on behalf of their respective food stamp households, Plaintiffs,

v.

Bob BERGLAND, as Secretary of Agriculture; Barbara B. Blum, as Commissioner of the New York State Department of Social Services; Robert Wagner, as Commissioner of the Tompkins County Department of Social Services; and David A. Adinolfi, as Commissioner of the Cortland County Department of Social Services, Defendants.

No. 80–CV–165.

United States District Court,
N. D. New York.

Aug. 6, 1981.

Onondaga Neighborhood Legal Services, Inc., Cortland, N. Y., for the plaintiffs; James T. Murphy, Cortland, N. Y., of counsel.

Strom, Masson & Fuller, Cornell Legal Aid, Ithaca, N. Y., for plaintiff McCoy; Barry Strom, Ithaca, N. Y., of counsel.

Chemung County Neighborhood Legal Services, Ithaca, N. Y., for plaintiffs Ralston and Carey; Paul Bernett, Gregg Thomas, Ithaca, N. Y., of counsel.

Alice Daniel, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant Bergland; Lewis K. Wise, Brian G. Kennedy, Washington, D. C., of counsel.

George H. Lowe, U. S. Atty., N. D. N. Y., Syracuse, N. Y., for defendant Bergland; Paula Ryan, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

Robert Abrams, Atty. Gen., Dept. of Law, Albany, N. Y., for defendant Blum; David A. Dietrich, Asst. Atty. Gen., David Roberts, Deputy Asst. Atty. Gen., Albany, N. Y., Jane B. Schneider, Asst. Atty. Gen., Albany, N. Y., of counsel.

Robert I. Williamson, Tompkins County Atty., Ithaca, N. Y., for defendant Wagner; Rochelle Q. Alexander, Ithaca, N. Y., of counsel.

Donald W. Yager, Jr., Cortland, N. Y., for defendant Adinolfi.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

The plaintiffs are recipients of benefits under the Food Stamp Act of 1977, 7 U.S.C. § 2013 *et seq.*, and under the Aid to Families with Dependent Children [AFDC] Act, 42 U.S.C. § 601 *et seq.* Their AFDC grants included monies for the benefit of the plaintiffs' unborn children. They have commenced this action for restitution and for declaratory and injunctive relief, raising the question of whether AFDC allowances for unborn children must be excluded as income under the food stamp program as monies for third-party beneficiaries. Jurisdiction is alleged to lie under 28 U.S.C. §§ 1337 and 1346.

Presently before the Court are the defendant Blum's motion to dismiss the complaint, the defendant Bergland's motion for judgment on the pleadings, and the plaintiffs' cross-motion for judgment on the pleadings.

### I.

Several facts are common to all plaintiffs. When each plaintiff was ascertained to be four months pregnant, the departments of social services increased the AFDC allowance to reflect the presence of the unborn child in the AFDC household. *See* 45 C.F.R. § 233.90(c)(2)(ii); 18 N.Y.C.R.R. § 352.20(b). Thereafter, the AFDC allowances for the unborn children were counted as income in determining the amount of food stamp benefits. The plaintiffs claim that the defendants should have excluded the AFDC allowances as "money[s] received and used for the care and maintenance of . . . third party beneficiar[ies] who [are] not . . . household member[s]." 7 U.S.C. § 2014(d)(6); 7 C.F.R. § 273.9(c)(6). As a result of the defendants' inclusion of the AFDC allowances for unborn children, the

plaintiffs suffered a reduction in their food stamp benefit levels.

Following state administrative proceedings, the plaintiffs instituted this action against the named federal and state defendants. Against all defendants, the plaintiffs assert that inclusion of the AFDC allowance contravenes 7 U.S.C. § 2014(d)(6) and 42 U.S.C. § 1983. Against the federal defendant, the plaintiffs claim that the Secretary's failure to compel the state and county defendants to exclude the AFDC allowance for unborn children amounts to a violation of his duty to assure compliance with the Federal Food Stamp Act.

## II.

■ In her motion to dismiss, the State Commissioner first raises a jurisdictional question. She claims that the plaintiffs' failure to allege a violation either of the federal Constitution or of a statute providing for equal rights precludes relief under Section 1983, and thus jurisdiction does not lie under 28 U.S.C. §§ 1337 and 1346.

In presenting this argument, the State Commissioner has asserted an erroneous proposition of law. In *Maine v. Thiboutot*, 448 U.S. 1, 4–8, 100 S.Ct. 2502, 2503–2506, 65 L.Ed.2d 555 (1980), the Supreme Court specifically rejected such an analysis of Section 1983, and concluded that this statute contemplated violations of federal laws unrelated to equal rights.

For this reason, the defendants' motion to dismiss on this ground is denied.

## III.

The second prong of the defendant Blum's motion to dismiss, which concerns the plaintiffs' alleged failure to state a claim upon which relief can be granted, is identical to the thrust of the defendant Bergland's motion for judgment on the pleadings. Both defendants contend that the AFDC allowances for unborn children are countable income under the Food Stamp Act, relying on 7 C.F.R. § 273.9(b)(2)(i), and that these allowances are not payments on behalf of third-party beneficiaries. In their cross-motion for judgment on the pleadings, the plaintiffs argue that unborn children are third-party beneficiaries within the meaning of 7 U.S.C. § 2014(d)(6) and 7 C.F.R. § 273.9(c)(6).

### A.

Before addressing the nature of the AFDC allowance for unborn children under the food stamp program, it is first necessary to discuss the role of this allowance under the AFDC program.

The AFDC Act has spawned a cooperative federal-state venture designed to insure that unlike children living in so many other parts of the world, a child in this country will not be forced to leave his or her familial setting because of a parent's inability to furnish food, clothing, and shelter. The parameters of this venture are clear. Although a state is free to determine monetary standards of need and benefit levels, a state cannot narrow the federal categories of eligible AFDC recipients. Thus, at a minimum, a participating state must provide AFDC grants to *all* persons who meet federal standards. *See* 42 U.S.C. § 602, *Quern v. Mandley*, 436 U.S. 725, 740, 98 S.Ct. 2068, 2077, 56 L.Ed.2d 658 (1978).

■ Among the federal eligibility standards are criteria for ascertaining dependent children. Section 406(a) of the Act defines "dependent child":

> The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, in a place of residence maintained by one or more of such relatives has his or their own home, and (2) who is (A) under the age of eighteen, or (B) at the option of the State, under the age of twenty-one and ... a student regularly attending a school, college, or university, or regularly attending a course of vocational or tech-

nical training designed to fit him for gainful employment, or (C) at the option of the State, under the age of twenty-one and . . . a student regularly attending a school in grade twelve or below or regularly attending a course of vocational or technical training, other than a course provided by or through a college or university, designed to fit him for gainful employment.

42 U.S.C. § 606(a). As construed by the Supreme Court, this definition, which is "mandatory upon the States," *Quern v. Mandley*, 436 U.S. at 743, 98 S.Ct. at 2079, does not include unborn children. *See Burns v. Alcala*, 420 U.S. 575, 580–581, 95 S.Ct. 1180, 1184–1185, 43 L.Ed.2d 469 (1975). Hence, under the statute, states who participate in the AFDC program are not required to provide AFDC benefits to unborn children. Under the implementing regulations, however, states may exercise an option to offer AFDC grants to unborn children:

> (2) Federal financial participation is available in . . . (ii) payments with respect to an unborn child when the fact of pregnancy has been determined by medical diagnosis . . .

42 C.F.R. § 233.90(c)(2)(ii). *See Burns v. Alcala*, 420 U.S. at 579 n. 5, 586, 95 S.Ct. at 1184 n.5, 1187. Of course, if a state adopts such an option, it must thereafter conform to federal law. *See also Harrington v. Blum*, 483 F.Supp. 1015, 1019 (S.D.N.Y. 1979).

■ New York is one state that has exercised such an option. Thus 18 N.Y.C.R.R. § 352.30(b), which concerns AFDC households, provides that in determining monthly needs, the household of a woman in her fourth month of pregnancy shall be increased by an amount "equivalent to the needs of one person." Also, under 18 N.Y.C.R.R. § 369.1, a pregnant woman, or her spouse, may apply "in behalf of her unborn child." Furthermore, 18 N.Y.C.R.R. § 369.-2(c) requires that for purposes of determining initial age eligibility of dependent children, a "mother's pregnancy shall be confirmed by medical diagnosis." Additionally,

18 N.Y.C.R.R. § 369.3(b)(4) states that in the case of minors, a pregnant minor recipient over 16 may be designated a "grantee," defined as an eligible parent "to whom an AFDC grant is made for the benefit of a child or minor," 18 N.Y.C.R.R. § 369.3(a), and her unborn child may be designated a "dependent child." In this regard, in interpreting these regulations, state courts have consistently ruled that an eligible unborn child is a "dependent child" under the AFDC Act, and thus, in its own right, is entitled to the same assistance afforded other dependent children after birth. *See, e. g., Bates v. Toia*, 45 N.Y.2d 460, 462, 463, 382 N.E.2d 1128, 1129–1130, 410 N.Y.S.2d 265, 266–67 (1978); *Dillon v. Fahey*, 74 A.D.2d 677, 678, 424 N.Y.S.2d 791, 792 (3d Dep't 1980), *aff'g*, 99 Misc.2d 467, 468, 416 N.Y.S.2d 503, 504 (Sup.Ct., Albany Co. 1979); *Catoe v. Lavine*, 51 A.D.2d 545, 546, 378 N.Y.S.2d 623, 626 (2d Dep't), *mot. for lv. to app. den.*, 39 N.Y.2d 709, 352 N.E.2d 597, 386 N.Y.S.2d 1027 (1976); *Rankin v. Lavine*, 50 A.D.2d 1091, 1092, 376 N.Y.S.2d 355, 358 (4th Dep't 1975), *aff'd*, 41 N.Y.2d 911, 363 N.E.2d 343, 394 N.Y.S.2d 618 (1979); *Boines v. Lavine*, 44 A.D.2d 765, 766, 354 N.Y.S.2d 252, 253–54 (4th Dep't), *mot. for lv. to app. den.*, 34 N.Y.2d 519, 316 N.E.2d 884, 359 N.Y.S.2d 1026, *cert. denied*, 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317 (1974).

### B.

The AFDC program does not stand alone as an assistance program for the poor of this country.

■ In enacting the Food Stamp Act of 1964, Congress declared a policy to improve levels of nutrition among low-income people by increasing food purchasing power. *See* 7 U.S.C. § 2011 (1964). In response to criticisms of the mounting costs of the food stamp program, however, Congress in 1977 amended the 1964 Act by enacting widespread reforms to eliminate non-needy persons from coverage under the Act. *See* H.Rep.No.95–464, at 1, *reprinted in* [1977] U.S.Code Cong. & Admin.News, 1704, at 1978. One enactment was 7 U.S.C.

§ 2014(d). This section specifies that "[h]ousehold income for purposes of the food stamp program shall include all income from whatever source," *id.*, and goes on to enumerate 12 income exclusions. As explained in H.Rep.No.95–464 [the Report], at 24–25, this provision was intended to:

cast the broadest possible net, including all forms of what has been found to constitute income. The Committee's intent in this regard is underscored by its specific exclusions....

*Reprinted in* [1977] U.S.Code Cong. & Admin.News at 2001. In keeping with this expressed intent, the Report continues by stating that "[p]ayments received from federally aided public assistance programs based on need are included in income ..., absent any specific exclusion in the law establishing the assistance payment itself." H.Rep.No.95–464, at 26, *reprinted in* [1977] U.S.Code Cong. & Admin.News at 2003. Included among the exclusions, however, were "moneys received and used for the care and maintenance of *a third-party beneficiary who is not a household member.*" 7 U.S.C. § 2014(d)(6) (emphasis supplied). Without defining "third-party beneficiary," the Report cites one example of this exclusion, *viz.*, "a relative's pension check that goes to and is cashed by the household and then is used to support that relative in an institution." H.R.Rep.No.95–464, at 36, *reprinted in* [1977] U.S.Code Cong. & Admin. News, at 2012–13. Examining the "not a household member" phrase, unborn children are not counted as members of food stamp households, *see* 7 U.S.C. § 2012(i), although, as noted above, they are treated in New York as members of AFDC households.

The implementing regulations of the Department of Agriculture have elaborated this congressional scheme. For example, 7 C.F.R. § 273.9(b), which patterns the definition of household income contained in 7 U.S.C. § 2014(d), *see* 43 Fed.Reg. 47864 (October 17, 1978), refers to both earned and unearned income. Included as countable unearned income are "[a]ssistance payments from Federal or federally aided public assistance programs such as .... aid to families with dependent children (AFDC)...."

7 C.F.R. § 273.9(b)(2)(i). With respect to income exclusions, the regulations provide that:

[o]nly the following items shall be excluded from income and no other income shall be excluded: ....

(6) Moneys received and used for the care and maintenance of a third-party beneficiary who is not a household member;

....

7 C.F.R. § 273.9(c)(6). In regard to household membership, the regulations, like the corresponding statutory provisions, do not encompass unborn children. *See* 7 C.F.R. § 273.1; *see also* 43 Fed.Reg. 47852 n. 19 (October 17, 1978).

C.

Turning to the narrow question presented here, the issue is whether New York food stamp administrators must exclude AFDC allowances for unborn children as monies for third-party beneficiaries who are not household members.

At least three courts that have considered this question have concluded that such AFDC grants are properly included as income. In *Carter v. Blum*, 493 F.Supp. 368 (S.D.N.Y.1980), the court found that the "regulations do not ... specifically address the treatment to be afforded to the AFDC pregnancy allowance." *Id.* at 371. The court went on to rest its ultimate conclusion upon a two-fold analysis: (1) that, with respect to the non-household membership requirement, although an unborn child is not a member of a food stamp household, "this determination does not mandate a finding that the fetus is a separate individual living outside the household." *id.* at 372; and (2) that had Congress intended to exclude the allowance, it would have done so expressly, *id.* at 372–73. In *Rios v. O'Bannon*, (E.D.Pa. December 18, 1980), the court adopted the reasoning of *Carter*, but also held that the pregnancy benefits do not fall under the exclusion for moneys on behalf of third-party beneficiaries because such AFDC grants "need not be used for the benefit of the nonhousehold-member fetus" and "may be used at the pregnant

mother's discretion and for her own benefit." *Id.* at 6. Finally, in *Sterling v. Blum* (Sup.Ct., Onondaga Co. May 6, 1981), the court followed an analysis similar to that used in *Carter*, ruling that a third-party beneficiary "is a living person such as a family member who is in a nursing home or other type of institution." *Id.* at 2. *But see Lasoff v. Blum* (Sup.Ct., Delaware Co., July, 1980).

■ This Court agrees with the conclusions reached by these courts, but does not altogether share the rationales espoused in the opinions.

To begin, both the statute and regulations plainly address the situation presented here. Federal law expressly requires the inclusion of AFDC grants. To the extent, then, that the New York allowances for unborn children are AFDC grants, the finding inescapably follows that these moneys must be included as income.

Moreover, distinctions drawn between an institutionalized or other individual living outside the household and an unborn child are of little utility. The pertinent income exclusion speaks of a third-party beneficiary who is not a "household member." This phrase is a term of art, specifically defined in the regulations. Thus a determination of whether an unborn child is a member of a food stamp household involves reference to the definition. Upon such an examination, it is apparent that the unborn child is not a household member. Also apparent, however, is the observation that institutionalized persons are similarly not household members. *Cf*: 7 C.F.R. § 273.-1(e). The mere distinction between institutionalized and unborn persons hence supplies an inadequate foundation for an interpretation of the income exclusion.

In this regard, a more appropriate discussion of this exclusion would appear to focus not upon the intended beneficiaries of contested moneys, but upon the constraints, if any, that are placed upon the actual recipients of the moneys, namely the food stamp applicants. Such an approach seems sound because the inquiry concerns whether an applicant has available income to spend on food: if an applicant has a duty to spend money only on behalf of another person, the money is plainly unavailable for the applicant's own needs and is consequently not considered as income available to the applicant.

At this juncture, it is true that the unborn child is the intended beneficiary of the AFDC allowance. In addition, it is also true that the recipient of such an allowance must spend the grant in a manner consistent with the "best interests of the child." 18 N.Y.C.R.R. § 381.4(a). This restriction upon the expenditure of the AFDC allowance, however, does not transform the unborn child into the "third-party beneficiary" contemplated by federal law. As discussed above, unborn children and other dependent children enjoy similar treatment under New York's administration of the AFDC act. The federal requirement for the inclusion of AFDC benefits, however, evinces an apparent intent that grants for dependent children do not fall under the exclusion for moneys on behalf of third-party beneficiaries. Accordingly, it follows that like all dependent children, unborn children who are the intended beneficiaries of the AFDC grants receive no favor under the Food Stamp Act.

## IV.

For the foregoing reasons, the defendant Blum's motion to dismiss for want of jurisdiction is denied, the defendant Bergland's motion for judgment on the pleadings is granted, and the plaintiffs' cross-motion for judgment on the pleadings is denied.

IT IS SO ORDERED.