■ In the Matter of FRANCES STEARNS, Petitioner, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated January 21, 1988, which affirmed a determination of the New York City Department of Social Services reducing the petitioner's food stamps allowance from $190 to $82 per month because she received $350 per month in rent assistance from her relatives.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The plaintiff is a recipient of Federally subsidized food stamps which are administered by the New York State Department of Social Services through the New York City Department of Social Services. Eligibility for food stamp benefits is based on household income (see, 7 USC § 2014 [d]; 7 CFR 273.9 [a]; 18 NYCRR 387.10; Meyer v Lyng, 859 F2d 62, 63). With certain enumerated exclusions, household income includes all monetary payments to the household from any source (see, 7 USC § 2014 [d]; 7 CFR 273.9 [c] [1] [ii]; 18 NYCRR 387.11 [c] [2]; see also, Matter of Lasoff v Blum, 85 AD2d 219, 222).

The Federal statute and regulations exclude "vendor payments" from the household income. "[V]endor payments" are defined as payments that are not made directly to a household (7 USC § 2014 [d] [1]) but are paid to a third party for a household expense (see, 7 CFR 273.9 [c]; 18 NYCRR 387.11). However, payments that are not made to a third party, but are made directly to the household, are to be counted as income to determine eligibility. It is undisputed that the money orders received by the petitioner from her relatives to pay her excess rent were not made payable directly to her landlord. Rather the blank money orders were endorsed by the petitioner and paid by her to her landlord. Thus, the payments do not fall within the definition of a "vendor payment".

While this court is not unsympathetic to the petitioner's plight, we are constrained by the explicit language contained in the regulations. This court is not empowered to rewrite the legislative scheme in accordance with the court's conceptions of prudent public policy (see, Ruhe v Bergland, 683 F2d 102). Thus, we conclude that the State Commissioner did not err in

upholding the computation of the petitioner's food stamp allowance containing an adjustment for the payments made to the petitioner by her relatives. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.